# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— |
|
**WEN Y. CHIANG,** |
               **Plaintiff,** |     **NO. 08-11908-RWZ**
**v.** |
|
**BANK OF AMERICA MBNA** |
**AMERICA BANK, FIA CARD** |
**SERVICES,** |
               **Defendant.** |
———————————————————— |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND TO ENJOIN VEXATIOUS FILINGS

       Defendant FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. and erroneously sued herein as MBNA America Bank ("FIA"), and defendant Bank of America, N.A, (collectively "Defendants"), have moved for an order dismissing the First Amended Complaint ("FAC") of Plaintiff Wen Y. Chiang ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds:

       (1)     Plaintiff's common law negligence claim is preempted by the Fair Credit Reporting Act ("FCRA");

       (2)     Plaintiff's breach of contract claim is defective and should be dismissed because Plaintiff fails to allege facts to sufficient to support this claim;

       (3)     Plaintiff's Massachusetts General Law Chapter 93A claim is preempted by the FCRA;

       (4)     Plaintiff seeks to hold Defendants liable for claims that are entirely premised on the propriety of FIA's credit furnishing conduct.   The law is clear that such credit furnishing conduct is exclusively regulated by the federal Fair Credit Reporting Act ("FCRA"), and the FCRA unequivocally prohibits private rights of action based purely on inaccurate credit reporting conduct.  Plaintiff's FCRA claim is also fatally deficient in that there are no allegations

that FIA ever received a notice of dispute from any credit reporting agency triggering FIA's investigation duties under the FCRA;

(5)     Plaintiff fails to satisfy the specificity required by Rule 9 of the Federal Rules of Civil Procedure in pleading his fraud or deceit cause of action; and

(6)     Plaintiff's claims under the Fourth, Fifth and Seventh Amendments to the U.S. Constitution fail because Defendants are private actors and the Amendments are inapplicable to private actors.

Alternatively, Defendants have moved for an order for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure on the grounds that the FAC does not sufficiently apprise Defendants of the specific claims against it.

Moreover, given Plaintiff's disregard for the judicial process and resources, Defendants request that the Court also enter an order against Plaintiff enjoining him from filing any further actions, in state or federal court, against Defendants without first seeking this Court's prior approval.

## I.     INTRODUCTION.

Plaintiff is a serial litigant.[1]  In his most convoluted and confused pleading yet, Plaintiff has made one thing clear:  that he will continue to disregard Federal Rule of Civil Procedure Rule 11, and file incomprehensible and unsubstantiated actions against Defendants until Defendants submit to his outrageous settlement demands.  Indeed, this is the ***third baseless*** action in two years Plaintiff has filed against Defendants to extract a settlement.  Plaintiff currently has a pending action—which involves an account which also appears to be at issue in this new action—before Judge Saris and Magistrate Judge Alexander, No. 06-12258-PBS, and

---

[1] As discussed in footnote 2 and Section IV.H. below, Plaintiff has filed more than 30 lawsuits in state and federal courts in the past few years.  Plaintiff's repeated filings of factually and legally deficient complaints, and his reliance on wholly irrelevant material can constitute an abuse of the administrative process of justice.  *See Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D. Mass. 2008).

Plaintiff also filed a separate action, purportedly for his brother, which is also pending before Judge Zobel, No. 07-11733.   Moreover, in both existing actions, Plaintiff has completely disregarded the Court's orders, and his obligations under Federal Rule 11, and he continues to do so here.[2]

In his latest attack, Plaintiff seeks to hold Defendants[3] liable for claims that are entirely premised on the propriety of credit furnishing conduct.[4]

All of Plaintiff's claims are fatally defective and the First Amended Complaint ("FAC") should be dismissed in its entirety.   Plaintiff's negligence claim should be dismissed because it is preempted by the Fair Credit Reporting Act ("FCRA"), Defendants owe no duty to Plaintiff, and the economic loss doctrine precludes monetary damages.   The breach of contract claim, as well as the deceit cause of action, are defective because Plaintiff fails to plead facts sufficient to support such a claim.   For the breach of contract claim, Plaintiff fails to allege the existence of a contract, the basic terms, and the parties to the contract.   As for the deceit claim, the FAC is also

---

[2] In the case before Judge Saris and Magistrate Judge Alexander, Defendants filed and there is currently pending a motion for sanctions under Rule 11 against Plaintiff and his counsel (in that action) for failing to conduct a reasonable investigation before bringing his action, despite Magistrate Judge Alexander's explicit warning.   As part of Defendants' motion, Defendants brought to the Court's attention that Plaintiff has filed some 30 lawsuits in the past two years in both state and federal courts.

[3] Plaintiff knows from his other two federal cases against FIA that FIA Card Services, N.A. is the successor by name change to MBNA America Bank, N.A., yet once again erroneously names MBNA as a defendant in this action.   *See* Report and Recommendation on Defendant's Motion to Dismiss Second Amended Complaint (Docket #20 to case no. 06-12258-PBS).

In the action before Judge Zobel, Plaintiff named MBNA as a defendant, as he does here, even though it was made clear to him in the case pending before Magistrate Judge Alexander that FIA is the successor to MBNA by name change.   In the instant action, he again named MBNA as a defendant even though it was made clear (again) in the case pending before Judge Zobel that FIA and MBNA are the same entity.   Moreover, in the former case, Plaintiff's brother, the real party in interest, has completely ignored his discovery obligations and Defendants have filed and there is currently pending in that case a motion for termination sanctions.

[4] Although Plaintiff's allegations must be deemed true for the purposes of this motion, FIA denies each and every one of them.   *See Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 10 (D. Mass. 2004).

totally devoid of the who, what, when, and where necessary to meet the heightened pleading requirements for fraud imposed by Rule 9 of the Federal Rules of Civil Procedure.  Further, Plaintiff's Massachusetts General Law Chapter 93A claim is preempted by the FCRA.

Plaintiff's FCRA[5] claim is also fatally deficient in that entirely absent from the FAC are any allegations triggering Defendants' investigation duties under the FCRA.  A key element of a *prima facie* case under the FCRA is that a credit furnisher must receive a notice of dispute from a credit reporting agency, which then triggers a duty of the credit furnisher to investigate the dispute.  Plaintiff is well aware of this element because it has been the subject of prior motions to dismiss in his other pending actions against Defendants, and is also the subject of the pending Rule 11 motion in one of the other actions.  Here, Plaintiff's FCRA claim fails as a matter of law because there is no such allegation that Defendants' ever received such a notice of dispute from any credit reporting agency.

Lastly, Plaintiff's claims under the Fourth, Fifth and Seventh Amendments to the U.S. Constitution fail because Defendants are private actors and the Amendments are not applicable to private actors such as FIA and Bank of America.

On the face of the FAC, it is clear that Plaintiff's claims are all fatally, and incurably, defective.  Accordingly, the Court should dismiss the FAC with prejudice, or, in the alternative, order a more definite statement.

## II.      MATERIAL ALLEGATIONS OF THE FIRST AMENDED COMPLAINT.

Although extraordinarily difficult to comprehend, it appears that Plaintiff alleges that he sent a letter to Defendants in July 2008 informing them that he had not received a monthly statement on his account and that he had two unauthorized charges on the account.  [FAC ¶¶ 5-6.]  Plaintiff also claims that in October 2008, someone made unauthorized charges to his ATM card, which is linked to his checking account.  [FAC ¶ 9.]  Plaintiff claims that he spoke to

---

[5] 15 *U.S.C.* § 1681 *et seq.*

someone at a local branch office about the unauthorized charges and that Defendants have not refunded him the money.  [FAC ¶¶ 10-13.]  Plaintiff also claims that Defendants have violated his constitutional rights by its conduct in other lawsuits that he has filed in federal court. Plaintiff claims that Defendants misled the court by providing "wrong information and documents" and seeking sanctions against the Plaintiff.  [FAC ¶¶ 14-15.]

Based on the foregoing allegations, Plaintiff has brought the instant action, asserting the following eight causes of action against FIA: Negligence (Count I); Breach of Contract (Count II); Violation of 93A and Unfair Trade Business Practices (Count III); Violation of Fair Credit Reporting Act (Count IV); Deceit (Count V); Violation of Fourth Amendment (Count VI); Violation of Fifth Amendment (Count VII); Violation of Seventh Amendment (VIII).

## III.  LEGAL STANDARD.

The legal standard for dismissal of a complaint or cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established.  A motion to dismiss for failure to state a claim may be granted where it appears that the plaintiff can prove no set of facts that would entitle him to relief.  *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 9 (D. Mass. 2004).  While all material allegations must be taken as true, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *Id.* at 10.  A complaint cannot withstand a motion to dismiss if the plaintiff fails to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Id.*  "If it clearly appears that a plaintiff could not recover on any viable theory, dismissal is proper."  *Id.*, citing *Patterson v. Omnipoint Communications. Inc.*, 122 F. Supp. 2d 222, 226 (D. Mass. 2000).

## IV.  LEGAL ARGUMENT.

### A.  Plaintiff's Negligence Cause of Action Fails As A Matter Of Law.

### 1.     The FCRA Preempts Plaintiff's State Law Claim of Negligence.

Plaintiff's common law claim for negligence should be dismissed as it is based on Defendants' credit reporting conduct, and such claims are clearly preempted by the FCRA pursuant to 15 *U.S.C.* § 1681t(a) and (b).  First, Section 1681t(a) of the FCRA specifically bars state law claims that are "inconsistent" with the FCRA.  *See* 15 *U.S.C.* § 1681t(a).  Second, Section 1681t(b) of the FCRA prohibits a plaintiff from bringing state law claims against credit furnishers that are premised on conduct already regulated by Section 1681s-2 of the FCRA.  The relevant FCRA provision states:

> "***No requirement or prohibition may be imposed under the laws of any State***…with respect to any ***subject matter regulated under... section 1681s-2 of this title***, relating to the responsibilities of persons who furnish information to consumer reporting agencies …."

15 *U.S.C.* § 1681t(b)(1)(F) (emphasis added); *see Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 13 (D. Mass. 2004) ("This section has been called 'the absolute immunity provision' which, if applicable, bars any state claim based on conduct which is governed by § 1681s-2"); *Davis v. Maryland Bank, N.A.*, 2002 U.S. Dist. Lexis 26468, at *37 (N.D. Cal. June 18, 2002) (stating that "Section 1681t of the FCRA governs the preemptive scope of the FCRA"); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 785-89 (W.D. Ky. 2003) (stating that Section 1681t(b)(1)(F) "provides furnishers absolute immunity when fulfilling their obligations under § 1681s-2").

Sections 1681s-2(a) and (b), in turn, address the responsibilities of furnishers of credit information.  See 15 *U.S.C.* § 1681s-2(a)-(b).  Section 1681s-2(a) provides that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate."  15 *U.S.C.* § 1681s-2(a)(1)(A).  Section 1681s-2(b) imposes additional obligations on credit furnishers after they have been notified by a credit bureau that a consumer disputes the accuracy of the credit information being furnished.  15 *U.S.C.* § 1681s-2(b)(1).  Here, Plaintiff's negligence claim is premised on Defendants' credit furnishing conduct.  Plaintiff claims that he will "suffer for the

next 7 years from credit report received" because of unauthorized charges on his account.  [FAC ¶ 19.]  Such claims are therefore preempted by Sections 1681t(a) and (b) of the FCRA.

First, section 1681t(a) preempts such claims because allowing such an action would be "inconsistent" with the FCRA.  Plaintiff's credit reporting allegations against Defendants fall squarely within the ambit of Section 1681s-2(a) of the FCRA, as they are based on Defendants' allegedly knowing and inaccurate furnishing of credit information.  As discussed above, however, Section 1681s-2(a) is not privately enforceable.  Plaintiff must allege that he specifically disputed Defendants' credit reporting with the credit bureaus to trigger Section 1681s-2(b)'s provisions, which are privately enforceable.  Plaintiff never makes this allegation.  Plaintiff should not be allowed to make an end-run around the FCRA's plain-language prohibitions by masking an unenforceable Section 1681s-2(a) claim as a common law negligence claim.  Clearly, this results in an inconsistency of laws that Congress intended to prevent by way of Section 1681t(a)'s preemption clause.  Plaintiff's state law claims are thus preempted as inconsistent with the FCRA.

Second, section 1681t(b)'s subject matter preemption clause also applies.  As discussed above, the FCRA additionally preempts and bars all state law claims regulating the responsibilities of furnishers of credit information.  The conduct of credit furnishers is exclusively regulated by Section 1681s-2 of the FCRA.  Plaintiff's common law claim for negligence is indisputably preempted by 15 U.S.C. section 1681t, as it is premised on the propriety of Defendants' credit furnishing conduct.  Indeed, courts have preempted all state law causes of action against furnishers of credit information (without regard to whether the conduct at issue was regulated by section 1681s-2), thus eliminating any possibility of supplemental claims under local law:

> "The plain language of [Section 1681t] clearly *eliminated all state causes of action against furnishers* of information, not just ones that stem from statutes that relate specifically to credit reporting.  To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action."

*Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (emphasis added) (preempting defamation and unfair competition claim);[6] *Roybal*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (preempting claims based on negligent misrepresentation, negligence, and purported violations of the California Unfair Competition Law and Consumer Legal Remedies Act); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005) (preempting California Unfair Competition Law claim); *Davis* 2002 U.S. Dist. Lexis 26468 at *45 (preempting defamation, negligence, and intentional interference with economic advantage claims); *Stafford*, 262 F. Supp. 2d at 785-89 (preempting defamation claims); *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002) ("federal law under the FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as furnisher of information"); *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D.Ala. 2002) (finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage).  Thus, if all state claims bearing any connection to credit furnishing are preempted, plaintiff is barred as a matter of law from basing his common law claims on Defendants' conduct as a furnisher of credit information.

In *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 13 (D. Mass. 2004), the court found that in addition to the FCRA preempting plaintiff's negligence claim under section 1681t(b)(1)(F), it was also preempted by 15 U.S.C. § 1681h(e), which provides:

> "No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h or 1681m of this title or based on information disclosed by a user of consumer report to or for a consumer against whom the user has taken adverse action . . . *except as to false*

---

[6] Although the court in *Jaramillo* subsequently reinstated the plaintiff's defamation claim, it did so with a one sentence order and no other explanation.  Its decision regarding preemption was never depublished and has been cited by other courts as persuasive authority in support of preemption.  *See Purcell v. Universal Bank, N.A.*, 2003 U.S. Dist. Lexis 7061 *16-17 (E.D. Pa. 2003).

> *information furnished with malice or willful intent to injure such consumer.*"

(emphasis added).  Where the plaintiff "has failed to allege that the information was furnished 'with malice or willful intent to injure' the complaint fails to state a claim and should be dismissed." *Gibbs*, 36 F. Supp. 2d at 12.  "Various courts have held that the specific preemption provision of § 1681h(e) relating to negligence claims should apply in cases such as the instant one involving a claim of common law negligence." *Id.* (citing *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003)).

Plaintiff bases his negligence claim against Defendants on the alleged furnishing of inaccurate credit information.  Because this conduct, as explained above, is exclusively regulated by Section 1681s-2, Plaintiff's state law claims are therefore preempted by Section 1681t and subject to dismissal with prejudice.

### 2.  Defendants Owe No Duty to Plaintiff and Are Not Liable for Negligence.

The elements of a claim of negligence under Massachusetts law are: (1) a legal duty of care owed by the defendant toward plaintiff, (2) defendant's breach of that duty, (3) resulting injury to the plaintiff, and (4) the extent of the injury.  Mass. Super. Ct. Civ. Pat. Jury Instr. § 2.1; *see Afarian v. Mass. Elec. Co.*, 449 Mass. 257, 262 (2007).  A mere breach of contract cannot be sued upon as a tort in the absence of a separate duty apart from the contract.  *Anderson v. Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 368 (1997).  Further, a creditor does not, solely by being a creditor, become a fiduciary of the debtor.  *See Rockland-Atlas Nat'l Bank v. Barry*, 336 Mass. 220, 223 (1957).

Assuming Plaintiff's allegation that a contract governed Plaintiff's credit account at issue, the only duty Defendants allegedly owed was one born of contract.  Although Plaintiff makes the bare, unsupported allegation that "Defendant owed plaintiff a duty of reasonable care in handling all transactions with plaintiff's credit card account, and personal checking account," (FAC at ¶ 17), Defendants can discern no specific factual allegations of any duty owed by Defendants toward Plaintiff other than a contractual duty, let alone the breach of such a duty, causation of

injury, or resulting damages.  For this reason alone, Plaintiff's claim for negligence should be dismissed.

### 3.  The Economic Loss Doctrine Precludes Monetary Damages Under Negligence.

Additionally, Plaintiff's negligence claim should be dismissed pursuant to Rule 12(b)(6) because a negligence claim cannot be based solely on allegations of economic injury.  Rather, a plaintiff must allege personal injury or property damage to recover in an action for negligence under Massachusetts law.  *See FMR Corp. v. Boston Edison Company*, 613 N.E.2d 902, 903 (Mass. 1993) ("We have recently affirmed that purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage."); *Garweth Corp. v. Boston Edison Co.*, 613 N.E.2d 92, 93 (Mass. 1995).  Plaintiff has alleged nothing but economic losses resulting from Defendants' alleged negligence.  For this reason, Plaintiff's cause of action for negligence should be dismissed for failure to state a claim upon which relief can be granted.

### B.  Plaintiff's Allegations are Legally Insufficient to Plead a Breach of Contract Claim.

Plaintiff fails to allege the existence of a contract, the basic terms, and the parties to the contract.  In order to state a claim for breach of contract, a petition must allege the existence of a contract, plaintiff's compliance with its terms, breach, and damages.  *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 16 (D. Mass. 2004) (When "[n]o contract provision is identified" and "the specific parties to the contract are not identified," "failure to plead the elements of a breach of contract claim warrant dismissal of this count."); *Mass Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. supp. 404, 415 (D. Mass. 1995) (to prevail on a breach of contract claim, "the plaintiff must prove the existence of a valid binding agreement, the defendant's breach thereof, and damages resulting from the breach."); *Moore v. LA-Z-Boy, Inc.*, 2008 WL 2247146, *1, fn. 2 (D. Mass 2008) (citing *5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1235.)( The complaint must "describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim.  For example, a claim on a written

contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contracts purported legal effect.").

Plaintiff has failed to allege any of these basic elements in any meaningful way.  In fact, nowhere in the FAC does Plaintiff even identify the specific contract that is purportedly at issue. For instance, Plaintiff merely states that "plaintiff's accounts with defendant were governed by a contract between the parties in the Massachusetts."  [FAC ¶ 21.]  Plaintiff however, never states that Defendants were parties to this contract or what its terms were.  Plaintiff's confusing and cursory allegations are especially inadequate here because Plaintiff does not attach a copy of the alleged contract.  As such, Defendants do not have adequate notice of the alleged contract at issue and are left guessing as to what contract it supposedly breached, whether it was oral, written, or implied, what its terms where, and when it was actually entered into.  Plaintiff's breach of contract claim is also utterly uncertain because Plaintiff fails to clearly allege which entities or individuals are supposedly parties to the alleged contract.  In short, Plaintiff has rendered it impossible to ascertain the form of the contract, the terms of the contract, and who the parties to the contract are—all fundamental allegations necessary for any breach of contract claim.  Therefore, Plaintiff's claim for breach of contract should be dismissed.

**C.**     **Plaintiff's Claim Under Massachusetts General Law Chapter 93A is Preempted by the FCRA.**

The FCRA preempts claims under Massachusetts General Law Chapter 93A against the furnishers of information to credit agencies.  The FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 USC 1681t(b)(1)(F).  The court in *Dawe v. Capital One Bank*, 2001 WL 3332810, *1 (D. Mass 2007), held that "[t]o the extent that plaintiff's claim against defendant is for engaging in unfair trade practices, violating Chapter 93A, that claim is preempted by the FCRA."  The court in that case granted defendant's motion to dismiss.  *Id.*  Here, Plaintiff's Chapter 93A claim is based on Defendants' alleged actions

relating to its reporting of information to consumer credit agencies (the subject mater of section 1681s-2). Plaintiff's states that defendant "damage[d] plaintiff's credit file." [FAC ¶ 27.] Therefore, Plaintiff's Chapter 93A claim is preempted. S*ee also Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) ("there is no question that the statutory prohibition precludes suits under state consumer protection laws.")

Further, "[t]o the extent that Plaintiff alleges a violation of Chapter 93A based on defendant's response to plaintiff's demand letter, that allegation is subject to dismissal for failure to state a claim because a failure to respond or an inadequate response to a demand letter is not itself a violation of Chapter 93A." *Dawe v. Capital One Bank*, 2001 WL 3332810, *1 fn.2 (D. Mass 2007) (citing *Heller v. Silverbranch Contr. Cop.*, 376 Mass. 621, 627 (1978) and *Castanouribe v. McBride*, 2001 WL 920697, at *3 (Mass. App. Div. 2001)).

### D. Plaintiff's FCRA Claim Fails As A Matter Of Law Because There Are No Allegations Triggering Defendants' Duty To Investigate.

Plaintiff bases his FCRA action on Defendants' conduct as a credit information furnisher and claims that he is entitled to a remedy under the statute. [FAC ¶¶ 28-32.]   As discussed below, however, his reliance on the FCRA is misplaced.

Sections 1681s-2(a) and (b) of the FCRA address the responsibilities of furnishers of credit information (such as FIA and Bank of America). *See* 15 *U.S.C.* § 1681s-2(a)-(b). Section 1681s-2(a) provides that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate." 15 *U.S.C.* § 1681s-2(a)(1)(A). The FCRA, however, bars private rights of action based on violations of Section 1681s-2(a). 15 *U.S.C.* § 1681s-2(d) (stating that Section 1681s-2(a) "shall be enforced exclusively under [Section 1681s] by the Federal agencies and officials identified in that section"); *see also Gibbs v. SLM Corp.*, 336 F. Sup. 2d 1, 11 (D. Mass. 2004) ("[E]nforcement of violations of § 1681s-2(a) is limited exclusively to designated state and federal officials. Consequently, courts have consistently held that there is no private action for violations of § 1681s-2(a)."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d

1057, 1059 (9th Cir. 2002) (stating that "Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies").  Therefore, to the extent that Plaintiff has purported to state a claim challenging the provision of inaccurate information under 15 USC § 1681s-2(a), that claim must be dismissed as there is no private right of action.

Section 1681s-2(b), though privately enforceable, imposes additional obligations on credit furnishers, but only <u>after</u> they have been notified by a credit bureau that the consumer disputes the accuracy of the credit information furnished.  15 *U.S.C.* § 1681s-2(b)(1); *see Gibbs,* 336 F. Supp. 2d at 11 (holding that the courts have "uniformly concluded that [Section 1681s-2(b)] provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed"); *see also Nelson*, 282 F.3d at 1060 (noting that Congress provided "a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a [credit reporting agency]" about disputes].

Here, Plaintiff has not alleged that any credit reporting agency contacted Defendants regarding any dispute on Plaintiff's credit report.  Under such circumstances, a complaint brought under section 1681s-2(b) should be dismissed.   To state a Section 1681s-2(b) claim, Plaintiff must assert allegations pertaining to the furnisher's failure to conduct a reasonable investigation in response to a notice of dispute from the credit bureaus.  Otherwise, the claim is simply an inaccurate reporting claim under Section 1681s-2(a) for which there is no private right of action.  For these reasons, Plaintiff's claim under the FCRA should be dismissed as a matter of law.

E.   <u>**Plaintiff's Claim for Deceit Is Not Pleaded With the Requisite Particularity, and Therefore, the Claim Should Be Dismissed.**</u>

The pleading requirements for a claim of fraudulent misrepresentation are well established.  Rule 9 provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b).  To satisfy pleading requirements of Federal Rule of Civil Procedure 9, the complaint must "(1)

specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Suna v. Bailey Corp.*, 107 F. 3d 64, 68 (1st Cir. 1997). The Rule requires that the particular "times, dates, places or other details of [the] alleged fraudulent involvement" of the actors be alleged. *Serabian v. Amoskeag Bank Shares*, 24 F.3d 357, 361 (1st Cir. 1994). It is also well-established that the complaint must set forth "specific facts that make it reasonable to believe that defendants knew that a statement was materially false or misleading." *Id.* (quoting *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992)). Plaintiff is required to allege facts that give rise to a "strong inference of fraudulent intent." *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997). A plaintiff's incurable failure to plead fraud with the required particularity is grounds for dismissal of the claim. *Id.* at 71.

Here, Plaintiff alleges Defendant "made several misrepresentations to plaintiff as to factual matters, such as that is [sic] account would be credited for the unauthorized use, and that his written proof had been received." [FAC ¶ 34.] Plaintiff does not allege who at FIA or Bank of America made these misrepresentations or the time, place, or dates on which the misrepresentations allegedly occurred. Plaintiff has certainly not set forth any allegations that give rise to a "strong inference of fraudulent intent" by Defendants or that they knew the statements were materially false or misleading. Furthermore, Plaintiff does not allege the resulting damage or detriment that Plaintiff suffered as a result of any misrepresentations. Therefore, Plaintiff's claim for "deceit" should be dismissed for failure to plead fraud with the requisite particularity under Rule 9 and failure to state a claim for which relief can be granted under Rule 12(b)(6).

**F.    Plaintiff's Claims Under the Fourth Amendment, Fifth Amendment and Seventh Amendments Are Not Valid Since Defendants are Private Actors.**

The Fourth, Fifth and Seventh Amendments to the constitution are wholly inapplicable to conduct by private individuals or organizations. They only apply to the government. It is well-settled the Amendments to the Constitution do not reach purely private actions. *Rodriguez-*

*Garcia v. Davilla*, 904 F. 2d 90, 95 (1st Cir. 1990); *Burdeau v. Mcdowell*, 256 U.S. 465 (1921) (Fourth Amendment's "origin and history clearly show that it was intended as a restraint upon the activities of sovereign authorities, and was not intended to be a limitation upon other than governmental agencies."); *Velez-Diaz v. Vega-Irizarryi,* 421 F. 3d 71, 79 (1st Cir. 2005) (It is well-settled that the due process provision of the Fifth Amendment serves as a limitation only on governmental, not private, action."); *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F. 2d 447, 449 (1st Cir. 1983) (Due process clause of the Fifth Amendment "applies to actions of the federal government, not those of private individuals."); *Smith v. Goord*, 412 F. Supp. 2d 248 (W.D.N.Y. 2006) (The purely private acts of private citizens do not implicate the Fourth, Fifth and Sixth Amendments, all of which were meant to regulate government activity.); *Alvarez Acuna v. Fireside Thrift Co.*, *Inc.*, 2006 WL 1312528, *10, fn. 7 (D. Ariz. 2006) ("Because the ability to empanel a jury lies solely with the court system, the Plaintiff cannot sue a private actor for an alleged violation of the Seventh Amendment's guarantee of a right to trial by jury.")

Since FIA and Bank of America are clearly not government actors, these claims are not valid claims against them and should be dismissed.

### G.    <u>Alternatively, The Court Should Order A More Definite Statement.</u>

Rule 12(e) of the Federal Rules of Civil Procedure states, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement.

A motion for a more definite statement will be granted where the complaint does not apprise the defendant of the substance of the claim being asserted or where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and is therefore unable to frame a proper response. *FRA S.P.A. v. Surg-O-Flex of America*, 415 F.Supp. 421, 427 (S.D.N.Y. 1927); *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp.940, 949 (E.D. Cal. 1981).  Only in situations where the complaint actually gives the defendant fair notice of the claims against him should a motion for a more definite statement be denied.  *Frederick v. Koziol*, 727 F.Supp.1019, 1021 (E.D. Va. 1990).  In fact, when faced with an ambiguous complaint, "the

defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. District Bd. Of Trustees of Central Florida Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Here, Plaintiff's allegations are so uncertain as to render them unintelligible. Plaintiff's incomprehensible allegations render it unclear as to what alleged conduct and/or omissions by Defendants were tortious and how such acts caused Plaintiff damage. Defendants are entitled to be apprised of the specific claims made against it. Furthermore, for purposes of properly defending against this action, including the filing of a motion for summary judgment, Defendants need to know the precise nature of the causes of action asserted against it. Thus, the Court should grant FIA's Motion for a More Definite Statement.

**H.     This Court Should Bar Plaintiff From Filing Any Further Complaints Against Defendants Without Receiving Prior Consent of the District Judge.**

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *See Elbery v. Louison*, 201 F. 3d 427 (1st Cir. 1999); *Cok v. Family Court of Rode Island*, 985 F. 2d 32, 34 (1st Cir. 1993); *Azubuko v. MBNA America Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("[A] district court has the power to enjoin a party from filing frivolous and vexatious lawsuits."); *Jones v. Social Security Admin.*, 2004 WL 2915290, *5 (D. Mass. 2004) ("The repeated filing by [plaintiff] of factually and legally deficient complaints against the [defendant] is an abuse of the processes of this Court for the administration of justice. It is the cessation of this behavior that the court seeks to achieve through the imposition of a sanction and the most effective means of accomplishing this goal is to enjoin [plaintiff] from making any additional filings in this court without first obtaining leave of court."); *Rudnicki v. McCormack*, 210 F. Supp. 905, 910 (D. R. I. 1962) (There is "little doubt as to the power of this Court to protect these litigants from repeated and purely vexatious

suits, and to protect itself from unwarranted and patently frivolous impositions upon its jurisdiction.").

   If ever there were a case warranting imposition of broad sanction, this would be it. Plaintiff is a serial litigant, having filed three actions against Defendants in a two year period, and having filed 30 such actions against other defendants in the same time period.  Plaintiff's claims are incomprehensible, and calculated solely to harass Defendants in hopes of extracting a settlement.  It is a complete abuse of the judicial process to allow Plaintiff to continue filing frivolous claims against Defendants time and time again, causing a drain on judicial resources and a waste of Defendant's time and effort.  The Court should not condone Plaintiff's extortion tactics, and in addition to dismissing this action, should enjoin Plaintiff from filing any future actions against Defendants in the District of Massachusetts without receiving prior consent from the Court.

**V.**     <u>**CONCLUSION**</u>

    Based on the foregoing, FIA and Bank of America respectfully request that this Court grant the Motion to Dismiss in its entirety, with prejudice, or, in the alternative, order a more definite statement.

                            Respectfully submitted,

                            **ABENDROTH BERNS & WARNER, LLC**


                            \_\_/s/ Bruce D. Berns_____
                            Bruce D. Berns (BBO# 551010)
                            40 Grove Street, Suite 375
                            Wellesley, MA 02482
                            (781) 237-9188
                            bruce@abwllc.com

                            **REED SMITH LLP**


                            \_\_\_\_/s/ Amir Shlesinger (pro hac vice admission pending)
                            Amir Shlesinger (CSB# 204132)
                            355 S. Grand Avenue, Suite 2900
                            Los Angeles, CA 91775
                            (213) 457-8075
                            E-mail:  ashlesinger@reedsmith.com

Date: December 24, 2008       **ATTORNEYS FOR DEFENDANT FIA CARD**
                            **SERVICES, N.A. AND BANK OF AMERICA, N.A.**


                        **Certificate of Service**

    I certify that the above document was filed electronically on December 24, 2008, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including the plaintiff.


                            \_\_/s/ Bruce D. Berns_____
                            Bruce D. Berns (BBO# 551010)