UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

)
WEN Y. CHIANG,                                   )
     Plaintiff                                )
                                  )
                                  )          CIVIL ACTION NO.
v.                                               )          08-11908 RWZ
                                  )
BANK OF AMERICA, MBNA AMERICA )
BANK and FIA CARD SERVICES,                      )
     Defendants                               )
                                  )
_____)

## PLAINTIFF'S MEMORANDUM IN SUPPORT PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND TO ENJOIN VEXATIOUS FILINGS

The Defendants Bank of America, MBNA America Bank and FIA Card Services have

filed a motion to dismiss the First Amended Complaint filed *pro se* by Plaintiff Wen Y.Chiang

("Chiang") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the

alternative, for a more definite statement, and to enjoin falsely alleged vexatious filings by

Chiang.

Chiang opposes defendants' motion to dismiss and for other relief on the following

grounds:

(1)     Chiang's common law negligence claim is not preempted by the Fair Credit

Reporting Act ("FCRA");

(2)     Chiang's breach of contract claim alleges sufficient facts to support this claim;

(3)     Chiang's Massachusetts General Laws, Chapter 93A ("Chapter 93A") claim sets

forth sufficient facts to support this claim (**Chiang has sent more then two demand under 93A**). The Court should allow Chiang to amend his Amended Complaint to delete Paragraph 27. With this amendment and deletion, the Chapter **93A claim would not be preempted by the FCRA;**

(4)     Chiang's FCRA claim **alleges sufficient facts to support this claim,** including allegations that Chiang sent written dispute to credit reporting agencies, that the credit reporting agencies notified defendants of Chiang's dispute and that the result of defendants' investigation was done and reported to all of the credit reporting agencies, Chiang obtained all reports since Chiang learn that defendant may continue destroy the documents and Chiang obtain more then one sets of reports before filed this FCRA complaint;

(5)     The Court should allow Chiang to amend the deceit claim in his Amended Complaint to **state the complaint with clear of "who, what, where and when"** to comply with Rule 9 of the Federal Rules of Civil Procedure; and

(6)     Chiang's claims under the Fourth, Fifth and Seventh Amendments to the U.S. Constitution should be Considered and reviewed before dismiss, Because the Government own the defendant's share ( not the free gift), from the bail out funds, .

Chiang requests this Court to allow him to amend his Amended Complaint  pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Defendants falsely allege that Chiang has a disregard to the judicial system and resources. Chiang is a Businessman  and engage local and International trading business, **Chiang  has a right to file a complaint when an entity violates state or federal law and the violation causes Chiang to suffer damages,** include the suffer by the credit report issue that will continue raise

2

Chiang for 7 to 10 years. Chiang has filed several complaints to protect his rights as a consumer

and has brought all of his complaints in good faith, because every one of then are in judgment in

Chiang's favor. Defendants intentional retaliation to Chiang due to previous lawsuit action

against defendant, even some Small Claim action was against defendant under 93A for Triple

damage against defendant, defendant have advanced no grounds that this action or any other

action brought by Chiang was frivolous or vexatious and no grounds that would warrant any of

the injunctive relief sought by defendants.

## I.     INTRODUCTION

Defendants assert that Chiang is a serial litigant since he has filed previous actions in

state and federal courts.[1] Those other cases have no relevance to the present action which stands

on its own merits. Most of the cases cited by defendants were for Chiang's family members and

one against Bank of America resulted in triple damages, showing that Bank of America has a

past record with Chiang. Chiang has never violated Rule 11 and his Amended Complaint in this

action does not violate this rule. Defendants claim that Chiang files unsubstantiated actions

against these current defendants until defendants submit to his outrageous settlement demands.

However, in his cases against these defendants, Chiang only seeks reasonable compensation for

---

[1]  Of the cases filed in Cambridge District Court, about 70% are small claims actions, few of which were settled and
the others all resulted in favor of judgment for Chiang. Of the five Cambridge District Court cases that were not
small claims actions, one was settled, one was dismissed and one is on appeal. As to the five Superior Court cases,
two were dismissed and one is on appeal. Of the eight case filed in this Court, two were settled and one is on appeal,
.

3

his damages suffered as a result of defendants' violations of state and federal law. **Defendants falsely allege** that Chiang disregards court's orders and his obligations under Rule 11.[2]

Defendants falsely state that the present action seeks to hold defendants liable for claims entirely based on the propriety of credit reporting information.[3] **It appears that defendants did not read the Amended Complaint since other claims are asserted therein**.

Chiang's negligence claims should not be dismissed since they are not preempted by the FCRA, **defendants owed a duty of care to Chiang by law and contract**, and the economic loss doctrine does not apply. Chiang's breach of contract claim should not be dismissed cine **Chiang alleges the existence of a contract, the parties to the contract and how the breach occurred by defendant.** Chiang's amend deceit claim should not be dismissed, it has clearly state the "**who, what, where and when**" and can provide all evidence and documents in the discovery, and to satisfy the pleading requirements of Rule 9. Chiang's amend his Amended Complaint of his Chapter 93A claim should not be dismissed, Chiang has all evidence and documents and the statements that can prove the 93A claim. This requested amendment and deletion would eliminate any preemption by the FCRA.

Chiang's FCRA claim should not be dismissed since he alleges that he sent written

---

[2] Defendants state that there is currently pending a motion for sanctions in Case No. 06-12250-PBS against Chiang and his counsel for failure to conduct a reasonable investigation before bringing that action. However, Chiang's opposition to defendants' motion for sanctions show that neither Chiang nor his counsel violated Rule 11 since Chiang had information and reasonable grounds to bring all of his claims. Chiang also request to sanction defendant and their attorney.

[3] Defendants allege that Chiang erroneously sued MBNA America Bank, N.A. ("MBNA") as a defendant in this action. Chiang had sued MBNA in a previous action since the actions that harmed Chiang were by MBNA employees. In open court, Chiang's counsel asked defendants' counsel if FIA Card Services would pay any judgment Chiang obtained against MBNA. Defendants' counsel refused to agree to this reasonable request. In another case, defendants claim that Chiang's brother has ignored his discovery obligations and that defendants have filed a motion for termination sanctions. However, the opposition of Chiang's brother case shows no discovery violations and seeks attorney's fees against defendants and/or their counsel.

4

disputes to credit reporting agencies and that **defendants received that notice of his dispute from a credit reporting agency more then once,** triggering defendants' duty to perform a reasonable investigation of Chiang's dispute under FCRA. Chiang also alleges that he received a report of the investigation and confirmed by credit report agencies.

Chiang concern that his constitutional claims should be considered, since the Fourth, Fifth and Seventh Amendments is apply to government or their agencies, The new Bailout act that government sent the officer and investment money is not the free gift, and Constitutional complaint will need to clear review the Act. And the such as the defendants. However, Chiang will consider to dismiss these Constitutional complaint if the government own defendant's share that is not apply to Defendant's private actor's action.

Chiang's Amended Complaint alleges facts sufficient to support recovery under various theories of law. Chiang's requested to allow his amendments would correct his deceit claim, his Chapter 93A claim and any other pleading requirement for other claims. Chiang therefore requests this Court to allow him in his amend, or other wise, to file a more definite statement of his claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## II.    MATERIAL ALLEGATIONS OF THE AMENDED COMPLAINT

In Chiang's Amended Complaint, Plaintiff alleges that in July 2008, he **sent two demand** letter ( **not include the earlier's demand letter on March 2008 yet**) under Chapter 93A to defendants FIA Card Services and Bank of America regarding his failure to receive monthly statements and two unauthorized charges on his account (¶ 5).

Chiang also alleges that for one of the accounts, defendants refused to respond to his Chapter 93A letter and refused to make corrections to his account ending 1736, even though

5

Chiang visited a local branch office to complain, also with initial new claim of steal the found from Chiang's checking account (¶ 6).

Chiang alleges that defendants failed to make corrections to this account and wrongfully reported the account to credit reporting agencies (¶ 7).

Chiang alleges, for the other account, that defendants did not send the monthly statement, improperly charged a late fee and closed the account, also report to credit report agencies (¶ 8).

Chiang alleges that in October 2008, he had a checking account with an ATM card with Bank of America that had an unauthorized charge, that he complained at a local branch office, where a promise was made to credit his account, but the account was never credited (¶¶ 9-12).

Chiang alleges that the unauthorized charge to one of his account and defendants' failure to credit the account caused a report to a credit reporting agency that resulted in the cancellation of one of his contracts (¶ 13). Chiang also claims that defendants have violated his constitutional rights by its conduct in other lawsuits that he has filed in federal court. Chiang claims that defendants misled the court by providing "wrong information and documents" and seeking sanctions against Chiang, in addition, the Government recent loan to defendant with holding of the defendant's share that defendant's wrongful action also is a questionable of Chiang's Constitutional right complaint (¶¶ 14-15).

Based on the foregoing allegations, Chiang has brought the instant action, asserting the following eight causes of action against defendants: Negligence (Count I); Breach of Contract (Count II);; Violation of Chapter 93A (Count III); Violation of the Fair Credit Reporting Act (Count IV); Deceit (Count V); Violation of Fourth Amendment (Count VI); Violation of Fifth

6

Amendment (Count VII); and Violation of Seventh Amendment (Count VIII).

## III.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim (Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled him to relief. Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept the allegations of the complaint as true and construe the facts in favor of the plaintiff. Swierkiewicz v. Sorema N.A., 534 U.S. 506. 508 n.1, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002).

## IV.   LEGAL ARGUMENT

### Chiang's Negligence Claim States Sufficient Facts to Support His Claim

#### 1.   Chiang's Negligence Claim Is Not Preempted By the FCRA

Defendants argue that Chiang's negligence claim should be dismissed since it is preempted by the FCRA. This argument is without merit since Chiang's negligence claim in his Amended Complaint is based upon his allegations that defendants negligently failed to credit his **account for an unauthorized charge, and for more then 6 months complain,** that defendants negligently added improper charges to his account, the defendants negligently failed to properly communicate with other employees of the defendants, that defendants negligently withdrew money from his checking account and that defendants negligently caused the account to go over limit by charging fees of over $100.00 per month and has been more then 6 months before this claim is filed (¶¶ 17-19).[4]

---

[4] In Paragraph 18 of the Amended Complaint, Chiang states the defendants sent a report to credit reporting agencies. This allegation is not necessary for Chiang's negligence claim. Chiang requests the Court to allow him to amend his Amended Complaint by deleting the first part of the last sentence in the paragraph that would neglate any preemption by the FCRA.

7

### 2.    **Defendants Owed a Duty of Care to Chiang**

Defendants argue that their only duty to Chiang was a contractual duty and that a mere breach of contract cannot create a tort, such as negligence. However, although a duty arises out of a contract and is measured by its terms, negligence in the manner of performing the duty as distinguished **from mere failure to perform it, causing damages, is a tort**, since defendant also charge Chiang monthly fee to obtain his checking account. <u>Anderson v. Fox Hill Village Homeowners Corp.</u>, 424 Mass. 365, 368 (1997). **Chiang's allegations are facts relating to the manner in which defendants' employees failed to perform their duties**, thus supporting his negligence theory of recovery. Chiang also alleges a breach of the duty of reasonable care, causation and damages. Thus, defendants owe a duty to Chiang and the Amended Complaint alleges sufficient facts for a negligence claim.

### 3.    **The Economic Loss Doctrine Does Not Apply**

The economic loss doctrine does not apply when a plaintiff alleges personal injury or property damage. <u>FMR Corp. v. Boston Edison Company</u>, 613 N.E. 2d 902, 903 (Mass. 1993). Chiang's allegations of negligence relate to his checking account and the related ATM card. Chiang's checking account is an asset and personal property. When defendants negligently took funds from Chiang's checking account, this action caused a loss of property and damage to Chiang's personal property. Since this loss constitutes property damage, the economic loss doctrine does not apply.

### B.    **Chiang's Allegations Are Sufficient to Plead a Breach of Contract Claim**

Defendants falsely argue that Chiang fails to allege the existence of a contract, the basic terms and the parties to the contract. However, the Amended Complaint alleges a contract

8

(¶ 21), breach of the contract (¶ 22), the basic terms of the contract (checking account with ATM card) (Id.), and unauthorized of charges, its the parties to the contract ("Wherefore clause" of the breach of contract count) and damages (¶¶ 22-23).

To prevail on a breach of contract claim, the plaintiff must prove the existence of a valid binding agreement, the defendant's breach thereof and damages resulting from the breach. Moore v. LA-Z-Boy, Inc., 2008 WL 2247146, *1, fn. 2 (D. Mass. 2008). The contracts relied upon by Chiang are the written checking account and ATM card agreement provided by Bank of America and the oral promises of Bank of America's employees to make corrections to Chiang's account. Defendant Bank of America has its checking account and ATM card agreement and the oral contracts are sufficiently pleaded.

Thus, the allegations of the Amended Complaint are sufficient to state a breach of contract claim.

## C.   Chiang's Claim Under Chapter 93A Is Not Preempted By the FCRA

Defendants falsely allege that Chiang's Chapter 93A claim is based upon defendants' alleged actions relating to its reporting of information to credit reporting agencies.

Chiang's Chapter 93A claim includes a paragraph (¶ 27) that discusses credit reporting activities. Chiang requests this Court to allow his amend this count and on to delete the paragraph that is covered by FCRA. After such amendment and deletion, the Chapter 93A claim will not be preempted by the FCRA.

Defendants argue that its failure to respond to a Chapter 93A letter or an inadequate response is not itself a violation of Chapter 93A. However, if a party does not respond to a Chapter 93A demand letter, a judge is authorized to award up to three, but not less then two,

9

times the amount of actual damages if he finds a wilful or knowing violation of Chapter 93A, § 2 or that the refusal to grant relief on demand was made in bad faith with knowledge or reason to know that the practice complained of violated § 2. Heller v. Silverbranch Const. Corp., 376 Mass. 621, 727 (1978). Chiang's allegations support an inference that defendants' actions were "a wilful or knowing violation of Chapter 93A, § 2 or that defendants' failure to respond was made in bad faith with knowledge or reason to know that the practices complained of violated § 2.

Thus, Chiang's Chapter 93A claim, after amendment allowed, Chiang will state a valid Chapter 93A claim against defendants by submitted all evidence and documents to defendant.

### D.   Chiang's FCRA Claim States Sufficient Facts to Support Such Claim

Chiang's FCRA claim states sufficient facts to support this claim. Chiang alleges that he sent a written dispute to credit reporting agencies regarding defendants' negative reporting (¶ 30). Chiang also alleges that he received a credit report showing that an investigation by defendants had been completed with defendant (Id.). Since Chiang received the credit report of the investigation, it is obvious that defendants were notified of Chiang's dispute.

Therefore, Chiang's FCRA allegations are pleaded with sufficiency and his FCRA count should not be dismissed.

### E.   Chiang Should Be Allowed to Amend His Amended Complaint to State His Deceit Claim With the Required Particularity

Chiang requests this Court to allow his amend his Amended Complaint to state a deceit claim with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

10

**F.     Chiang agree That His Constitutional Claims can be considered Dismissed**

Chiang agrees that his constitutional claims against defendants for violation of the Fourth,

Fifth and Seventh Amendments to the U.S. Constitution can be considered dismissed since these

Amendments still unclear when 700 Billion Bailout act that government has put money into

defendant's and own defendant's share, these is not free of gift, and such private persons or

entities, such as defendants action are unclear herein.

**G.     The Court Should Deny Defendants' Request To Bar Chiang From Filing
Any More Complaints Against Defendants Without Receiving Prior Consent From the
District Judge**

A district court has the power to enjoin litigants who abuse the court system by

filing groundless and vexatious litigation. However, defendants have not made any showing that

this action or any other action filed by Chiang is either groundless or vexatious, defendant only

action is to provide false statement and A careful reading of the Amended Complaint in this

action yields only the conclusion that there are **valid grounds for the action**, although the

Amended Complaint if needs to be amended, The Court can order Plaintiff to amend.

Vexatious conduct occurs where a party's actions are "frivolous,⁵ unreasonable, or

without foundation, **Plaintiff has previous action with defendant, include Small Claim that

the Court enter Triple damages against defendant.** In th even without the presence of

'subjective bad faith.'" Azubuko v. MBNA America Bank, et al., 396 F. Supp. 2d 1, 7 (D. Mass.

2005). Defendants have made no showing that the Amended Complaint in this action or

---

⁵ A frivolous action is one "lacking a legal basis or legal merit, not serious, or not reasonably purposeful."
Azubuko v. MBNA America Bank, et al., 396 F. Supp. 2d 1, 7 (D. Mass. 2005). There is no showing by defendants
that the Amended Complaint in this action or any other action filed by Chiang lacked a legal basis or legal merit, was
not serious or was not reasonably purposeful.

11

Chiang's activity in any other action were frivolous, unreasonable or without foundation. The cases cited by defendants are not on point. The cases cited by defendants show conduct by litigants that is far more egregious than any actions of Chiang. Chiang brought this case and his other cases in good faith and on valid legal grounds with ALL EVIDENCE. Chiang has not abused the judicial system or by filing claims against the defendants time and time again. The fact that Chiang has sued these defendants more than once shows that these defendants continue to Intentional violate state and federal laws and that their violations cause harm to Chiang intentionally and other consumers.

In summary, there are no grounds advanced by defendants, other than conclusory and falsely statements, that this action or any other action filed by Chiang are frivolous or vexatious and no grounds advanced by defendants that would justify any injunctive relief against Chiang.

Wherefore, Chiang respectfully requests the Court to deny defendants' motion to dismiss, to allow Chiang to amend his amended complaint, or alternative new complaint with more definite statement within fourteen (14) days of the Court's order, and deny defendants' request for injunctive relief and to grant Chiang such additional relief as the Court deems just and reasonable.

/s/ Wen Y. Chiang
WEN Y. CHIANG
12 Pond lane # 63
Arlington, MA 02474
Dated: January 4, 2009                (617) 966-2228
E-mail: wen7858@aol.com

12

## CERTIFICATE OF SERVICE

I, Wen Y. Chiang, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date: January 4, 2009          /s/ Wen Y. Chiang
                               WEN  Y. CHIANG

13

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

WEN Y. CHIANG,                          )
    Plaintiff                        )
                             )
                             )         CIVIL ACTION NO.
v.                                      )         08-11908 RWZ
                             )
BANK OF AMERICA, MBNA AMERICA )
BANK and FIA CARD SERVICES,             )
    Defendants                       )
                             )
_____)

## AFFIDAVIT  OF  WEN Y. CHIANG

    I, Wen Y. Chiang, under oath, state the following;

1.  I am the plaintiff's in this action.

2.  I am a businessman and own local business and international trading business, I have obtain

    all records and  evidence to prove my amend complaint are sufficient and fact, include

    documents and  Judgments  that has been against the defendant in the previous law sued.

3.  I also have all documents and credit reports that defendant violation the Federal and State law

    That is support my claim against defendant in this case.

    Signed under the pains and penalties of perjury this 4th of January 2009.

                                  /s/**Wen  Y. Chiang**
                                 WEN Y.  CHIANG