UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| WEN Y. CHIANG,<br>                Plaintiff,<br>v.<br><br>BANK OF AMERICA, MBNA<br>AMERICA BANK, and FIA CARD<br>SERVICES, N.A.,<br>                Defendants. | NO. 08-11908-RWZ |

## DEFENDANTS' STATUS REPORT

### I. INTRODUCTION

Plaintiff Wen Y. Chiang ("Plaintiff"), a serial litigant[1], filed this action on November 14, 2008, attempting to assert various claims against Defendants FIA Card Services, N.A. ("FIA"),[2] and Bank of America, N.A. (collectively "Defendants"), all of which were entirely premised on the propriety of Defendants' credit furnishing conduct in 2008 prior to the filing of his action. Plaintiff filed a First Amended Complaint ("FAC") on December 15, 2008, asserting additional claims for Constitutional violations based on the same alleged conduct. This Court previously dismissed all of Plaintiff's claims on the pleadings, with the exception of his Count IV brought under the federal Fair Credit Reporting Act ("FCRA"), which is the only remaining claim.

---

[1] Plaintiff has filed over 35 lawsuits in two years. Moreover, this is the ***third*** action in two years Plaintiff has filed against Defendants in an effort to avoid debt obligations and extract a settlement. In 2006, Plaintiff filed an action which was pending before Judge Saris and Magistrate Judge Alexander, Case No. 06-12258-PBS. Judge Saris granted Defendants' motion for summary judgment in July 2009 and judgment was entered in favor of Defendants. Plaintiff also filed a separate action, purportedly for his brother, which was pending before this Court, Case. No. 07-11733. This Court recently dismissed Plaintiff's claim in that action for violation of this Court's order, and further issued sanctions against Plaintiff and his counsel.

[2] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA (A Bank of America Company).

On July 28, 2009, counsel for Plaintiff and Defendants participated in a scheduling conference in which the Court, in part, ordered Defendants to submit a status report explaining whether Defendants received Automated Consumer Dispute Verifications ("ACDV"), which was acknowledged to be a necessary prerequisite for this case to proceed.

### A. The Relevant Time Period Of The Action Is July 21, 2008 Through October 15, 2008.

Plaintiff's claim under 15 U.S.C. § 1681s-2(b) of the FCRA is premised on his allegations that he sent two letters dated July 21, 2008 and July 22, 2008 to credit reporting agencies. [FAC ¶¶ 5-6.] Plaintiff filed his initial Complaint on November 14, 2008. Plaintiff's allegations and controlling law therefore determine the relevant time period.

Under the FCRA, a duty to investigate a consumer dispute is not triggered until a credit furnisher is notified of a consumer dispute *by a consumer reporting agency*. Therefore, Defendants could not have violated the FCRA before Plaintiff initially mailed his letters to consumer reporting agencies, purportedly in July 2008. *See* 15 U.S.C. § 1681s-2(b)(1). In other words, Plaintiff's claim is not, and given his allegations cannot be, premised on any conduct prior to July 2008.

Additionally, a furnisher has *at least* thirty days from receipt of the dispute to complete an investigation of a dispute by a consumer. Specifically, Section 1681s-2(b)(2) states: "A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i . . . ." Section 1681i, in turn, provides that a credit reporting agency shall have 30 days to conduct the investigation of the dispute from the day the agency receives the dispute. *See* 15 U.S.C. § 1681i(a)(1)(A); *see also Miller v. Wells Fargo & Co.*, 2008 WL 793676, *4 (W.D .Ky., 2008) ("after receiving the required notice [from a credit reporting agency that a consumer disputes the information a furnisher has provided], the furnisher has thirty days with which to comply with these duties."); *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1098 (D. Ariz. 2003) ( "a claim under § 1681(i) arises when the agency

fails to comply with this duty to reinvestigate—*i.e.*, 30 days after it receives notice of the disputed item from the consumer."). Therefore, Plaintiff's claim cannot be based on any conduct within the thirty (30) days preceding the filing of his complaint on November 14, 2008.[3]

Consequently, the relevant time period in this action based on the allegations in the pleadings and controlling law is July 2008 through October 15, 2008.

### B. This Action is Limited to Account 6419.

In its July 2, 2009 Order granting Defendant's Motion to Dismiss, this Court held that the only account at issue in this action is an account ending in 6419 (later converted to 1736). The Court specifically found that claims with respect to any other account, including one ending 9211 (which was the subject of the case pending before Judge Saris, *Chiang v. MBNA, et al.*, Case No. 06-12258 PBS) were insufficiently plead. Given the vague pleading, at the Scheduling Conference, the Court ordered Plaintiff to file an amended pleading if he intended to pursue an FCRA claim with respect to the 9211 in this action.[4] Plaintiff has not done so. Accordingly, the only relevant Account at issue in this case is the one ending in 6419 (later 1736).

## II. DEFENDANTS' INTERNAL INVESTIGATION

### A. Evidence of Notice From a Credit Reporting Agency to a Furnisher of Credit Is Necessary, But Insufficient, To State A Cause of Action Under The FCRA.

Preliminarily, it is well established that there is no private right of action based on alleged inaccurate reporting by credit information furnishers. *See* 15 U.S.C. § 1681s-2(d) (stating that

---

[3] In fact, in an earlier action Plaintiff filed against Defendants, Magistrate Judge Alexander, found that his FCRA claim was frivolous, in part, because the complaint was filed less than thirty days after any alleged dispute was raised with the credit reporting agencies. The Honorable Patti B. Saris also cautioned Plaintiff of the "inherent duty of litigants to thoroughly investigate their claims before brining them to court and provide notice and support of their arguments when presented." (*Chiang v. MBNA, et al.*, Case No. 06-12258 PBS, Court's January 11, 2008 Order, Document No. 28.) In response, Plaintiff claimed that action was based on an alleged earlier notification, which was never substantiated, leading to Judge Saris' subsequent granting of Defendants' Motion for Summary Judgment.

[4] The Court made clear that any such amended pleading must be limited to a FCRA claim and all other claims have been dismissed without leave to amend.

Section 1681s-2(a), which governs reporting responsibilities, "shall be enforced exclusively under [Section 1681s] by the Federal agencies and officials identified in that section"); s*ee also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1012 (N.D. Cal. 2005).   Since there is no private right of action to redress violations of section 1681s-2(a), as a matter of law, any claim that Plaintiff could possibly make regarding any "inaccurate" information under Section 1681s-2(a) must fail as a matter of law.

Rather, to maintain a claim under the FCRA, Plaintiff has the affirmative burden of proof to initially establish actual notice from a consumer reporting agency to a defendant.  Courts have "uniformly concluded that [Section 1681s-2(b)] provides a private cause of action *only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed.*"  *Gibbs v. SLM Corp.*¸ 336 F. Supp. 2d 1, 21-23 (D. Mass. 2004) (emphasis added); *see also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (noting that Congress provided "a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a [consumer reporting agency]" about disputes); *Pinson v. Equifax*, 2009 U.S. App. LEXIS 4857 (10th Cir. March 10, 2009) (affirming motion to dismiss because notice was from consumer, not a consumer reporting agency).

Evidence of notice alone, however, is insufficient to maintain and prevail on a claim.  Under Section 1681s-2(b), if a credit furnisher is notified by a consumer reporting agency about a consumer dispute regarding the completeness or accuracy of the credit information furnished, the furnisher has a duty to conduct a reasonable investigation with respect to the disputed information, to review the relevant information provided by the credit bureau, and to report the findings to the bureau.  *See* 15 U.S.C. § 1681s-2(b)(1); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).  Therefore, in addition to notice, a plaintiff must also allege and establish that the furnisher failed to conduct a reasonable investigation of the identified dispute and respond to the dispute notification.

It is well-settled that "reasonableness" of an investigation is governed by the scope of the dispute, and is satisfied where, given the scant information provided to the credit furnisher, the company verifies the accuracy of the general information being reported. *See Malm v. Household Bank*, 2004 WL 1559370 (D. Minn. 2004) (holding that "investigation under § 1681s-2(b) was reasonable given the cursory notice it received concerning Plaintiff's dispute" and granting summary judgment); *Cope v. MBNA America Bank, N.A.*, 2006 WL 655742 (D. Or. 2006) (same) (*citing Westra v. Cred. Control of Pinellas*, 409 F. 3d 825, 827 (7th Cir. 2005); *Gorman v. Wolpoff & Abramson*, 435 F. Supp. 2d 1004 (N.D. Cal. 2006); *see also e.g.* 15 U.S.C. §1681s-2(a)(8)(F) (providing that furnishers do not have to investigate "irrelevant" disputes). In *Gorman*, the district court granted summary judgment for the defendant credit furnisher, determining that as a matter of law, the defendant had conducted a proper investigation of the customer dispute and that the plaintiff had failed to present any evidence beyond his own "belief," that the investigation was not properly conducted. *Id.* at 1009.

It also has been specifically held that as long as a furnisher conducts a reasonable and timely investigation, it cannot be held liable under § 1681s-2(b), even if it reached the wrong conclusion in its investigation. *See Gorman*, 435 F. Supp. 2d at 1009. Section 1681s-2(b) of the FCRA does not require the creditor to conduct a perfect, error-free investigation in responding to a credit reporting agency's ACDV. *See Guimond v. Trans Union* (9th Cir. 1995) 45 F.3d 1329, 1333 (the FCRA is not a strict liability statute).

Therefore, to proceed with this case, Plaintiff must be able to show: (1) that Defendants received an ACDV during the relevant time period; (2) that Defendants failed to conduct a reasonable investigation of the dispute as identified in the ACDV; and (3) that Plaintiff was damaged as a result.[5]

---

[5] Although not necessarily an issue for this Court to consider at this juncture, Plaintiff appears to seek the same damages he claimed in his prior action against Defendants' and also against other entities, including Verizon, creating a causation issue.

### B.     Defendants Conducted A Reasonable Investigation Of The Only ACDV At Issue.

Defendants have conducted an internal investigation and concluded that during the relevant time period it received, investigated, and responded to only one ACDV with respect to the account in issue. *See* Exhibit A. Specifically, on July 29, 2008, Defendants received an ACDV from TransUnion regarding the account ending in 6419. The ACDV indicated that the consumer disputed all amounts reported and the history on the account. On August 4, 2008, Defendants verified that there was no delinquency reporting on the file and updated the current balance, scheduled payment and the last payment on the account. There is no evidence that Plaintiff's investigation was unreasonable, and in fact there are no such allegations in the FAC. Rather, Plaintiff bases his claim solely on allegations that Defendant allegedly failed to respond to the dispute notification. This claim is simply unsubstantiated. Defendant did timely and properly respond to the ACDV as established by Exhibit A.[6]

---

[6] Although not at issue in this case, Defendants also ascertained that there were three ACDVs relating to the 9211 account during the relevant time period. However, for each of these ACDVs, Defendants also conducted a timely and reasonable investigation and properly reported its conclusions to the requesting credit reporting agency within the required statutory time period.

US_ACTIVE-102215150.2

## IV. CONCLUSION

The undeniable conclusion is that Defendants complied with their obligations under FCRA by conducting timely and reasonable investigations. Plaintiff has not, and cannot, present any admissible evidence to refute this conclusion. Accordingly, there are no disputes to be resolved in this case and Plaintiff's sole remaining FCRA claim should be dismissed.

Date: September 4, 2009

**REED SMITH LLP**

By:   /s/ Amir Shlesinger
Abraham J. Colman (CSBN 146933)
Terry Bates (CSBN 115420)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

**ABENDROTH BERNS & WARNER, LLC**

  /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482

Attorneys for Defendant FIA Card Services, N.A., formerly known as MBNA America Bank, N.A

**Certificate of Service**

I certify that the above document was filed electronically on September 4, 2009, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.

  /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)