UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,　)<br>　　　　Plaintiff　　　)<br>　　　　　　　　　　　)<br>v.　　　　　　　　　)<br>　　　　　　　　　　　)<br>BANK OF AMERICA, MBNA AMERICA )<br>BANK and FIA CARD SERVICES,　)<br>　　　　Defendants　)<br>　　　　　　　　　　　) | CIVIL ACTION NO.<br>08-11908  RWZ |

## SECOND AMENDED COMPLAINT AND JURY CLAIM

### The Parties

1.      The Plaintiff, Wen Y. Chiang, resides at 12 Pond Lane, #63 in Arlington, MA  02474.

2.      Defendant Bank of America has a main office at 1100 North King Street, Wilmington, DE  19884 and has several branch offices in the Boston area.

3.      Defendant MBNA, the original bank with whom plaintiff had accounts had offices in Wilmington, Delaware.

4.      Defendant FIA Card Services claims that they took over the accounts from MBNA and have offices in Wilmington, Delaware.

### Facts

5.      On July 21, 2008 and July 22, 2008, plaintiff send demand letters under M.G.L. 93A to inform defendants FIA Card Services and Bank of America stating that he had not receive recent monthly statements and had two unauthorized charges on his accounts.  Both demand letters related to two accounts, one ending in 1736 (that was formerly an account ending in 6419) and an account ending in 9211.

6.      The account ending in 9211 was fine until plaintiff filed a complaint against defendants in Federal District Court.  After this complaint was filed, plaintiff began not receiving the monthly statements or receiving them after the due dates, that resulting in fees, charges and extra interest on the account. Bank of America refused to respond to plaintiff's demand letters that

included two unauthorized charges and refused to credit plaintiff's account for the interest and fees unlawfully added to the account over the previous six months.

7.      For the account ending in 1736 (formerly ending in 6419), defendant added unauthorized charges to the account every month and never credited plaintiff with the overcharges. Defendant's actions and illegal charges caused the account to go over limit, and defendant sent reports to credit bureaus and caused negative reports to appear on plaintiff's credit file.

8.      For the account ending in 9211, after Chiang did not receive the monthly statements or received them late, defendant imposed illegal late fees and other charges and sent reports to credit bureaus and caused negative reports to appear on plaintiff's credit file.

## VIOLATION OF FAIR CREDIT REPORTING ACT

9.      Plaintiff repeats and incorporates herein the allegations of Paragraphs 1 though 8 of this Complaint as if fully set forth herein.

10.     When plaintiff learned that defendants had sent negative reports to credit reporting agencies, plaintiff sent written disputes to credit reporting agencies regarding his accounts ending in 1736 (formerly ending in 6419) and ending in 9211. These written disputes were sent by certified mail at various times between April 25, 2007 and May 14, 2009. These credit reporting agencies notified defendants of plaintiff's disputes and defendants were required to conduct a reasonable investigation and report back to the credit reporting agencies within 30 days to indicate that the defendants' initial negative report is correct or to make any necessary changes.

11.     Plaintiff has received confirmation of his disputes from credit reporting agencies, indication that his credit file has been sealed for fraud and unauthorized charges in the credit file for three months and that the credit reporting agencies had notified defendants of Chiang's disputes of the inaccurate reporting by defendants.

12.     After plaintiff learned that defendants hide or destroy records, he has taken the additional time and expense to mail letters to defendants and the credit reporting agencies by certified mail.

13.     During plaintiff's deposition in the previous case against defendants on September 25, 2008, Chiang notified defendants' counsel that defendants had submitted incorrect information to the credit bureaus and that he had just returned from Africa and Asia with a buyer who was ready to execute a contract and to deposit funds into plaintiff's account.  Chiang also testified that the buyer would obtain his credit report, that the buyer was not concerned with any negative report by a phone company that Chiang had disputed, but only with any negative reports from banks. Chiang also testified that defendants' inaccurate reports on his credit file could jeopardize this contract.

14.     Defendants ignored this testimony and warning and continued to make inaccurate reports to plaintiff's credit file.

PDF created with pdfFactory trial version www.pdffactory.com

15.    Defendants violated the Fair Credit Reporting Act by failure to conduct a reasonable investigation or by failing to conduct the reasonable investigation and report back to the credit reporting agencies within 30 days to correct the inaccurate information.

16.    As a result thereof, plaintiff lost this contract with this buyer who cancelled the contract after he used plaintiff's social security number and researched plaintiff's credit file with the negative reports submitted by defendants.  The value of this lost contract was $8,100,000.00.

WHEREFORE, plaintiff demands a jury trial and damages in the amount of $8,100,000.00, multiple damages, punitive damages, reasonable attorney's fees and such other relief as the Court deems just and reasonable.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
(781) 641-2825

Dated:  September 11, 2009

CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date:  September 11, 2009          /s/ Dean Carnahan
                                   Dean Carnahan

B-2403-SAC

PDF created with pdfFactory trial version www.pdffactory.com