UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA, MBNA AMERICA<br>BANK and FIA CARD SERVICES,<br>    Defendants | CIVIL ACTION NO.<br>08-11908  RWZ |

## PLAINTIFF'S STATUS REPORT

### I.   INTRODUCTION

Plaintiff Wen Y. Chiang ("Chiang")[1] file this action in November 2008 based on defendants' improper forwarding of adverse credit information on Chiang's accounts to credit reporting agencies and other unlawful actions. Chiang filed his First Amended Complaint on December 15, 2008. This Court dismissed all of Chiang's claims on the pleadings, with the exception of his claim under the Fair Credit Reporting Act.

---

[1] Defendants falsely claim that Chiang is a serial litigant who had filed over 35 lawsuits in two years. This false statement is meant to mislead this Court and to cause the Court to be biased against Chiang. The number of lawsuits filed by Chiang is not even close to 35. Attached hereto as **Exhibit A** is an Affidavit of Wen C. Chiang, plaintiff's brother, stating that beginning in 2006, he filed 20 cases against Chase Bank, Citi Bank and Bank of America in small claims actions and in one case in this Court. Plaintiff Wen Y. Chiang has only filed about ten cases, some against airlines for losing his luggage during his traveling, one against a former employee who stole money from Chiang and other cases in state and federal court. Chiang filed these cases when his statutory or contract rights were violated. Chiang has never filed a case to avoid debt obligations or to extract a settlement. In 2006, Chiang filed his first action against MBNA and FIA Card Services, No. 06-12258- PBS. The Court granted defendants' summary judgment motion after defendants and Equifax submitted false affidavits and deposition testimony to the Court. Chiang has appealed the summary judgment ruling and attempted to complain to the Bar about defendants' attorneys. Chiang's brother, Wen C. Chiang, has an action pending against MBNA and FIA Card Services. That case was dismissed after Wen C. Chiang was unable to come from Taiwan to the United States for his deposition. Wen C. Chiang has filed a motion for relief from the dismissal order and will appeal, if necessary.

On July 28, 2009, counsel for plaintiff and defendants participated in a scheduling conference.  The Court ordered Chiang to verify the accounts relevant to his Fair Credit Reporting Act claim to defendants within five days.  On July 29, 2009, Chiang's attorney sent an e-mail to defendants' attorney stating that the account numbers relevant to the claim were account number 6419 (later changed to account number 1736) and account number ending in 9211.  This e-mail also stated that the defendants may have received ACDV's from credit reporting agencies from September 1, 2007 to May 1, 2009.  *See* **Exhibit B**, attached hereto.

The Court also ordered Chiang to file an amended complaint if the relevant account numbers were other that the account ending in 1736 (formerly 6419).  Chiang has filed his Second Amended Complaint (Doc.  ), alleging that both the account ending in 9211 and the account ending in 1736 (formerly 6419) are relevant and that defendants violated the Fair Credit Reporting Act after Chiang sent written disputes to credit reporting agencies and defendants failed to perform a timely reasonable investigation, after it received notification of Chiang's disputes, and failed to modify or delete the negative information in Chiang's credit file.

Defendants were ordered to file a status report by September 4, 2009 to disclose to plaintiff's counsel the ACDV's that defendants had received from credit reporting agencies regarding Chiang's accounts.

Defendants filed their status report on September 4, 2009, disclosing only one ACDV for the account ending in 6419 (formerly 1736) that defendants received on July 29, 2008.

### A.     The Relevant Time Period Of This Action Is April 25, 2007 to May 14, 2009.

After Chiang learned that defendants had submitted negative information on his accounts to credit reporting agencies, he sent several written disputes to the credit reporting agencies from

2

PDF created with pdfFactory trial version www.pdffactory.com

April 25, 2007 to May 14, 2009.[2]  Thus, defendants should have ACDV's from credit reporting agencies from April or May 2001 through May or June 2009 regarding Chiang's two accounts.

Defendants argue that the relevant time period is July 21, 2008 through October 15, 2008, since Chiang stated that he sent letters on July 21, 2008 and July 22, 2008 to credit reporting agencies in his First Amended Complaint.[3]  However, Chiang has discovered that he sent written disputes to credit reporting agencies before July 21, 2008 and that the first written dispute regarding his accounts was mailed on April 25, 2007.  This written demand and the subsequent written demands to credit reporting agencies should have generated ACDV's to defendants beginning in April or May 2007 and would be relevant to this action.

In addition, Chiang sent his last written dispute on the accounts to credit reporting agencies on May 14, 2009.  These later written disputes and any ACDV's sent to defendants on the two accounts would also be relevant to this action to show the continuing violation of by defendants of the Fair Credit Reporting Act.  These ACDV's and the credit reports for these months would show the months when there was negative information regarding the accounts in Chiang's credit file and the months, if any, that there was no negative information in his credit file.[4]

### B.     This Action Relates To Account 6419 (formerly 1736) And To Account 9211.

On July 29, 2009, Chiang's attorney sent an e-mail to defendants' counsel specifying the relevant dates. (**Exhibit B**).

---

[2]  This relevant time period is slightly enlarged from the dates specified in the e-mail from Chaing's attorney to defendant's attorney on July 29, 2009.

[3]  This allegation by defendants is false.  In the First Amended Complaint, Chiang said he sent Chapter 93A letters to defendant on July 21, 2008 and July 22, 2008.  In the First Amended Complaint, Chiang did not state the dates on which he sent written disputes to credit reporting agencies.

[4]  Defendants refer to the case of Chiang v. MBNA, et al., No. 06-12258 and the court's allowance of defendants' motion for summary judgment.  That summary judgment ruling and order has been appealed, since defendants mislead the court and caused the erroneous summary judgment ruling and order.

3

PDF created with pdfFactory trial version www.pdffactory.com

Defendants ignored this e-mail and performed an "internal investigation" pertaining to only one account, the account ending in 6419 (later 1736). Chiang's claims in this action also are related to his account ending in 9211. Chiang filed a previous action against defendants, but the events set forth in this action occurred **after** the facts that formed the basis of the previous action.

Chiang has filed his Second Amended Complaint alleging that defendants submitted negative information to his credit file and that he sent written disputes to credit from April 25, 2007 through May 14, 2009. (Doc. , ¶10).

Thus, defendants' "internal investigation" was not reasonable and was not in compliance with the Court's order. Defendants should be ordered to produce all ACDV's received by defendants from April 2006 through June 2009.

## II.   DEFENDANTS' "INTERNAL INVESTIGATION" WAS UNREASONABLE.

Defendants' "internal investigation" was limited to one account and to the time period of July 21, 2008 through October 15, 2008.[5] However, as shown above, both accounts are relevant to this action and defendants should have searched for ACDV's from May 2007 through May or June 2009 for both accounts.

Since defendants "internal investigation" was unreasonable and in violation of the Court's order, defendants should be ordered to produce all ACDV's received by defendants for both accounts from May 2007 through June 2009.

In addition, Chiang will file proposed Orders with the Court to obtain relevant documents from the three credit reporting agencies.

## III.   CONCLUSION

---

[5]   Defendants state that they have three ACDV's for account number 9211, but did not produce these ADCV's.

4

PDF created with pdfFactory trial version www.pdffactory.com

The undeniable conclusion is that defendants did not show that they complied with their obligations under the Fair Credit Reporting Act. Defendants should be ordered to produce all ACDV's received by defendants for both accounts from May 2007 through June 2009. In addition, Chiang will soon file proposed Orders directing the credit reporting agencies to produce documents relevant to this action.

By Plaintiff's Attorney,

Dated:  September 14, 2009

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
(781) 641-2825

CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date:  September 14, 2009                /s/ Dean Carnahan
                                          Dean Carnahan

B-2403-SR

5

PDF created with pdfFactory trial version www.pdffactory.com