## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## (BOSTON)

———————————————————— |
|
WEN Y. CHIANG,                                      |
            **Plaintiff,**           |    **NO. 08-11908-RWZ**
**v.**                                                        |
|
BANK OF AMERICA, MBNA                      |
AMERICA BANK, and FIA CARD            |
SERVICES, N.A.,                                       |
           **Defendants.**        |
———————————————————— |


## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff Wen Y. Chiang ("Plaintiff"), a serial litigant[1], filed this action on November 14, 2008, attempting to assert various claims against Defendants FIA Card Services, N.A. ("FIA"),[2] and Bank of America, N.A. (collectively "Defendants"), all of which were entirely premised on the propriety of Defendants' credit furnishing conduct in 2008 prior to the filing of his action. Plaintiff filed a First Amended Complaint ("FAC") on December 15, 2008, asserting additional claims for Constitutional violations based on the same alleged conduct. This Court previously

———————————————

[1] Plaintiff has filed over 35 lawsuits in two years. Moreover, this is the ***third*** action in two years Plaintiff has filed against Defendants in an effort to avoid debt obligations and extract a settlement. In 2006, Plaintiff filed an action which was pending before Judge Saris and Magistrate Judge Alexander, Case No. 06-12258-PBS. Judge Saris granted Defendants' motion for summary judgment in July 2009 and judgment was entered in favor of Defendants. Plaintiff also filed a separate action, purportedly for his brother, which was pending before this Court, Case. No. 07-11733. This Court recently dismissed Plaintiff's claim in that action for violation of this Court's order, and further issued sanctions against Plaintiff and his counsel.

[2] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA (A Bank of America Company)).

dismissed all of Plaintiff's claims on the pleadings, with the exception of his Count IV brought under the federal Fair Credit Reporting Act ("FCRA"), which is the only remaining claim.

On July 28, 2009, counsel for Plaintiff and Defendants participated in a scheduling conference in which the Court sought to narrow the issues and, in part, ordered Plaintiff to identify the specific account(s) at issue in this action, permitting him to amend his FAC to clarify this issue within five days of the scheduling conference.  Plaintiff did not comply with this Court's Order.  Instead, in blatant disregard of the Court's order and the Federal Rules of Civil Procedure, over a month later, Plaintiff improperly filed his Second Amended Complaint ("SAC").  Further, not only did Plaintiff fail to comply with this Court's existing Order or obtain leave of court, he also expanded his allegations beyond the scope allowed by the Court in its previous limited order.  Contrary to responding to this Court's directive and efforts to focus this case, Plaintiff again attempts to complicate and confuse the issues, raise distractions and delay. Accordingly, the Court should grant FIA's motion and strike Plaintiff's SAC in its entirety.

## II.   LEGAL ANALYSIS

### A.   Legal Standard For Motion To Strike

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f); *Cool Light Co., Inc., v. GTE Products Corp.*, 832 F.Supp. 449, 463 (D.Mass. 1993).  Any answer or other pleading filed beyond the time permitted by the Federal Rules of Civil Procedure or by a court may be stricken under rule 12(f) as untimely if the pleader failed to obtain leave to file the pleading late.  *See, e.g., Hamilton v Myerow*, 2009 WL 885957, *3 (Mass. Land Ct. 2009) (granting motion to strike plaintiff's supplemental brief as untimely and redundant to material already on record); *Diana v. Wallace*, 2004 WL 225055, *1 (D. Mass. 2004) (affirming order granting appellee's motion to strike cross-motion in its entirely as untimely where appellant filed after court ordered deadline); *Sesostris, S.A.E., v. Transportes Novales, S.A.,* 727 F.Supp. 737, 740 (D.Mass. 1990) (applying motion to strike as standard for opposing pleading as untimely); *Martin v. Hunt*, 28  F.R.D. 35,

US_ACTIVE-102347974.1

35 (D.Mass. 1961) (granting motion to strike *in toto* where Complaint was argumentative, redundant, and verbose).

Federal Rule of Civil Procedure 15(a) provides that a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently by the parties' consent or "by leave of court." Fed. R. Civ. Proc. 15(a); *Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (denying Plaintiff's motion for leave to amend for undue delay where the amended complaint would result in an additional four months of discovery and extend the trial by one year.)

**B.      Plaintiff's SAC Should Be Stricken In Its Entirety As Untimely And For Failure To Obtain Leave Of Court**

Plaintiff filed his SAC on September 11, 2009, after FIA had already filed an answer to his FAC and without leave of court or FIA's consent. To the extent the Court gave limited permission to Plaintiff to amend his FAC at its July 28, 2009 scheduling conference, Plaintiff failed to comply with the limited leave granted. Accordingly, Plaintiff's SAC should be dismissed in its entirety because it is untimely and was filed without leave of court.

**C.      Allegations Improperly Expanded In Plaintiff's SAC Without The Court's Permission Should Be Stricken**

In the event the Court does not strike Plaintiff's SAC in its entirety, portions of the SAC improperly expanding allegations should be stricken. Specifically, the Court should strike paragraph 10 of Plaintiff's SAC, which alleges:

> 10.      When Plaintiff learned that defendants had sent negative reports to credit reporting agencies, plaintiff sent written disputes to credit reporting agencies regarding his accounts ending in 1736 (formerly ending in 9211. These written disputes were sent by certified mail at various times between April 25, 2007 and May 14, 2009. These credit reporting agencies notified defendants of plaintiff's disputes and defendants were required to conduct a reasonable investigation and report back to the credit reporting agencies within 30 days to indicate that the defendants' initial negative report is correct or to make any necessary changes. SAC at ¶ 10.

US_ACTIVE-102347974.1

Paragraph 10 of Plaintiff's SAC improperly expands the relevant time frame for this action without the Court's permission.  At the July 28, 2009 scheduling conference, the Court permitted Plaintiff to amend his FAC to clarify the accounts at issue in this action.  Instead of limiting his SAC to the identification of accounts, Plaintiff improperly seeks to expand the time frame of the allegations without the Court's permission.  Plaintiff's FAC alleges that Plaintiff *first sent disputes to Credit Reporting Agencies in July 2008*.  FAC at ¶¶ 5-6.  Plaintiff's SAC, however, alleges that the relevant time frame is April 25, 2007 to May 14, 2009.  SAC at ¶ 10. In other words, Plaintiff identifies a time period over a year prior to the time Plaintiff, by his own admission, first sent a dispute notice![3]  Indeed, in an email from Dean Carnahan, Plaintiff's counsel, to FIA's counsel concerning the SAC, Mr. Carnahan concedes that at the scheduling conference, "the Court instructed plaintiff to file an amended complaint *if the relevant account numbers were other than the account ending in 1736 (formerly 6419)*." (Emphasis added.)  Mr. Carnahan does not, and indeed cannot, point to any instruction by the Court allowing him to expand the allegations to cover a larger time period and, further, has no explanation for failing to comply with the Court's prior Order.  Attached hereto as **Exhibit A** is a true and correct copy of Mr. Carnahan's email to FIA's counsel.  Accordingly, the Court should at a minimum strike paragraph 10 of Plaintiff's SAC.

---

[3] Plaintiff in fact cannot allege that the relevant time frame for an action based on section 1681s-2(b)(2) ends in May 2009 when he filed his Complaint on November 14, 2008.  Section 1681s-2(b)(2) of the Fair Credit Reporting Act provides that a furnisher of credit has *at least* thirty days from receipt of the dispute to complete an investigation of a dispute by a consumer.  *See* 15 U.S.C. § 1681i(a)(1)(A).  Therefore, Plaintiff's claim cannot be based on any conduct within the thirty (30) days preceding the filing of his complaint on November 14, 2008, and certainly cannot be based on conduct after November 14, 2008.

US_ACTIVE-102347974.1

## III.     CONCLUSION

This Court gave Plaintiff an opportunity to clarify the accounts at issue in his latest action against FIA.  Rather than comply with the Court's order, however, Plaintiff has filed an untimely and improper SAC.  Accordingly, FIA respectfully requests the Court strike Plaintiff's SAC in its entirety.

Date: September 25, 2009

**REED SMITH LLP**


By:     /s/ Amir Shlesinger
Abraham J. Colman (CSBN 146933)
Terry Bates (CSBN 115420)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080


**ABENDROTH BERNS & WARNER, LLC**


   /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)
47 Church Street, Suite 301
Wellesley, MA 02482

Attorneys for Defendant FIA Card Services, N.A.,
formerly known as MBNA America Bank, N.A.


### Certificate of Service

I certify that the above document was filed electronically on September 25, 2009, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.


   /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)

US_ACTIVE-102347974.1