UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA, MBNA AMERICA<br>BANK and FIA CARD SERVICES,<br>    Defendants | CIVIL ACTION NO.<br>08-11908  RWZ |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE SECOND AMENDED REPORT**

**I.     INTRODUCTION**

Plaintiff Wen Y. Chiang ("Chiang")[1] filed this action on November 14, 2008 based on defendants' improper forwarding of adverse credit information on Chiang's accounts to credit reporting agencies and other unlawful actions. Chiang filed his First Amended Complaint on December 15, 2008. This Court dismissed all of Chiang's claims on the pleadings, with the exception of his claim under the Fair Credit Reporting Act.

---

[1] Defendants falsely claim that Chiang is a serial litigant who had filed over 35 lawsuits in two years. This false statement is meant to mislead this Court and to cause the Court to be biased against Chiang. The number of lawsuits filed by Chiang is not even close to 35. Attached hereto as **Exhibit A** is an Affidavit of Wen C. Chiang, plaintiff's brother, stating that beginning in 2006, he filed 20 cases against Chase Bank, Citi Bank and Bank of America in small claims actions and in one case in this Court. Plaintiff Wen Y. Chiang has only filed about ten cases, some against airlines for losing his luggage during his traveling, one against a former employee who stole money from Chiang and other cases in state and federal court. Chiang filed these cases when his statutory or contract rights were violated. Chiang has never filed a case to avoid debt obligations or to extract a settlement. In 2006, Chiang filed his first action against MBNA and FIA Card Services, No. 06-12258- PBS. The Court granted defendants' summary judgment motion after defendants and Equifax submitted false affidavits and deposition testimony to the Court. Chiang has appealed the summary judgment ruling and attempted to complain to the Bar about defendants' attorneys. Chiang's brother, Wen C. Chiang, has an action pending against MBNA and FIA Card Services. That case was dismissed after Wen C. Chiang was unable to come from Taiwan to the United States for his deposition. Wen C. Chiang has filed a motion for relief from the dismissal order and will appeal, if necessary.

PDF created with pdfFactory trial version www.pdffactory.com

On July 28, 2009, counsel for plaintiff and defendants participated in a scheduling conference.  The Court ordered Chiang to verify the accounts relevant to his Fair Credit Reporting Act claim to defendants within five days.  On July 29, 2009, Chiang's attorney sent an e-mail to defendants' attorney stating that the account numbers relevant to the claim were account number 6419 (later changed to account number 1736) and account number ending in 9211.  This e-mail also stated that the defendants may have received ACDV's from credit reporting agencies from September 1, 2007 to May 1, 2009.  *See* **Exhibit B**, attached hereto.

The Court also ordered Chiang to file an amended complaint if the relevant account numbers were other that the account ending in 1736 (formerly 6419).  Chiang has filed his Second Amended Complaint (Doc. 24), alleging that both the account ending in 9211 and the account ending in 1736 (formerly 6419) are relevant and that defendants violated the Fair Credit Reporting Act after Chiang sent written disputes to credit reporting agencies and defendants failed to perform a timely reasonable investigation, after it received notification of Chiang's disputes, and failed to modify or delete the negative information in Chiang's credit file.

Defendants were ordered to file a status report by September 4, 2009 to disclose to plaintiff's counsel the ACDV's that defendants had received from credit reporting agencies regarding Chiang's accounts.

Defendants filed their status report on September 4, 2009, disclosing only one ACDV for the account ending in 6419 (formerly 1736) that defendants received on July 29, 2008.

In its motion to strike, FIA falsely claims that Chiang was required to file an amended complaint within five (5) days of the scheduling conference.  However, at the scheduling conference, Chiang was only instructed to notify defendants of the relevant accounts within five (5) days of the scheduling conference.  At this scheduling conference, the Court also instructed

2

PDF created with pdfFactory trial version www.pdffactory.com

Chiang to file an amended complaint if the account numbers relevant to this action were other than the account ending in 6419 (formerly 1736).  Chiang filed his Second Amended Complaint on September 11, 2009 (Doc. 24).

FIA falsely asserts that Chiang was required to obtain leave of court before filing his Second Amended Complaint.  However, there was no need for Chiang to obtain leave of court since he was instructed to file the amended complaint at the scheduling conference.

The purpose of the Second Amended Complaint was to clarify the relevant account numbers.  The only other change in the Second Amended Complaint was to specify the period during which Chiang sent written disputes to credit reporting agencies.[2]

## II. LEGAL ANALYSIS

### A. Legal Standards for Motion to Strike

In its memorandum, FIA cites cases regarding an answer or other pleading filed beyond the time period required by the Federal Rules of Civil Procedure or by a court. However, FIA has falsely asserted that the Court ordered Chiang to file an amended complaint within five (5) days of the scheduling conference.  Chiang was instructed to file an amended complaint, if necessary, but no time was set for the filing of this amended compliant at the scheduling conference.

Thus, FIA's argument and the cases cited by FIA in its memorandum, are not on point and are irrelevant.

### B. The Court Should Deny FIA's Request to Strike the Second Amended Complaint

FIA again falsely argues that the Second Amended Complaint should be stricken because it was untimely and filed without leave of court.  However, as shown above, the Second Amended Complaint was not untimely and did not require leave of court.

---

[2]  Chiang did not allege the dates on which he sent written disputes to credit reporting agencies in his First Amended Complaint, but only the dates on which he notified defendants of his dispute.

3

PDF created with pdfFactory trial version www.pdffactory.com

FIA cites F.R.Civ.P. 12(f) and <u>Cool Light Co., Inc. v. GTE Products Corp.</u>, 832 F. Supp. 449, 463 (D. Mass. 1993) for the proposition that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous material." However, Chiang's Second Amended Complaint is not redundant, immaterial, impertinent or scandalous.

FIA also cites <u>Diana v. Wallace</u>, 2004 WL 225055, *1 (D. Mass. 2004) for the holding that a court may strike a pleading as untimely if it is filed beyond a court ordered deadline. However, Chiang's Second Amended Complaint was not filed after any court imposed deadline.

The other cases cited by FIA are not on point since Chiang filed his Second Amended Complaint in a timely manner and was not required to obtain leave of court.

### C.     **The Court Should Not Strike Paragraph 10 of the Second Amended Complaint**

FIA argues that if the Court does not strike the Second Amended Complaint in its entirely, it should strike Paragraph 10 of the Second Amended Complaint.  However, if the Court strikes Paragraph 10 of the Second Amended Complaint, it would be without necessary allegations and would be subject to a motion to dismiss.  Paragraph 10 contains the allegations concerning when Chiang sent written disputes to credit reporting agencies.

In his First Amended Complaint (Doc. 4), Chiang did not state the dates on which he sent written disputes to credit reporting agencies.  He only set forth the dates on which he notified the defendant of his disputes.

Thus, Chiang did not expand the relevant time frame, as FIA argues, but only stated the time from when it was not mentioned in the First Amended Complaint.

FIA falsely states that in Chiang's First Amended Complaint, he alleges that he "first sent disputes to Credit Reporting Agencies in July 2008, citing Doc. 4, ¶¶ 5-6.  However, in

4

PDF created with pdfFactory trial version www.pdffactory.com

Paragraphs 5 and 6 of the First Amended Complaint, Chiang states that "In July 21, 2008, and July 22, 2008, Chiang sent a demand letter under Mass law of 93A consumer protection letter inform defendant FIA Card and Bank of America..."

This blatant falsity of FIA in its memorandum merits sanctions.[3]

On September 22, 2009, counsel for FIA send an e-mail to Chiang's attorney threatening to file a motion to dismiss and/or strike.  *See* **Exhibit C**, attached hereto.  On September 23, 2009, Chiang's attorney sent an e-mail to FIA's counsel explaining the Second Amended Complaint and stating that there was no reason for FIA to bring a motion to dismiss and/or strike. *See* **Exhibit D**, attached hereto.

This Court should deny FIA's motion, in the alternative, to strike Paragraph 10 of the Second Amended Complaint.

### III.   CONCLUSION

Based on the foregoing, Chiang respectfully requests the Court to deny FIA's motion to strike and to award him his costs and reasonable attorney's fees for FIA's false statements to the Court and because FIA's motion to strike is frivolous.

By Plaintiff's Attorney,

/s/ Dean Carnahan_____
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
(781) 641-2825

Dated:  October 5, 2009

---

[3]   FIA argues that the relevant time frame cannot end in May 2009, when Chiang filed his Complaint on November 14, 2008 since he can make no claims relating to conduct after the Complaint was filed.  This is incorrect, since Chiang can recover for illegal actions of the defendants after the Compliant was filed.  If the negative reports remained on Chiang's credit file after the Compliant was filed, his damages caused by the continuing negative reporting is recoverable.

5

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

  I, Dean Carnahan, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date: October 5, 2009         /s/ Dean Carnahan_____
                    Dean Carnahan

B-2403-MOMS

PDF created with pdfFactory trial version www.pdffactory.com