## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## (BOSTON)

———————————————————— |

**WEN Y. CHIANG,** |
                               **Plaintiff,** |          **NO. 08-11908-RWZ**
**v.** |
 |
**BANK OF AMERICA, MBNA** |
**AMERICA BANK, and FIA CARD** |
**SERVICES, N.A.,** |
                               **Defendants.** |
———————————————————— |

### BANK OF AMERICA, N.A.'S AND FIA CARD SERVICES, N.A. F/K/A
### MBNA AMERICA BANK, N.A.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Bank of America, N.A., erroneously sued as Bank of America, and FIA Card

Services, N.A. ("FIA"), formerly known as MBNA America Bank, N.A. and erroneously sued

herein as MBNA America Bank (collectively referred to herein as "Defendants") hereby Answer

the Second Amended Complaint ("SAC") of Plaintiff Wen Y. Chiang as follows:

1.       Answering Paragraph 1 of the SAC, Defendants lack sufficient information or belief

upon which to admit or deny the allegations therein and, based thereon, generally and

specifically deny them.

2.       Answering Paragraph 2 of the SAC, Defendants responds that FIA has an office at 1100

North King Street, Wilmington, DE 19884.

3.       Answering Paragraph 3 of the SAC, Defendants admit that MBNA, which is now known

as FIA, had offices in Wilmington Delaware.

4.       Answering Paragraph 4 of the SAC, Defendants admit only that FIA is a successor to

MBNA America Bank, N.A. by name change and that FIA has offices in Wilmington, Delaware.

5.       Answering Paragraph 5 of the SAC, Defendants admit that FIA received letters from

Plaintiff dated July 21, 2008 (seemingly pertaining to an account ending 6419) and date July 22,

2008 (seemingly pertaining to account ending 9211).

6.     Answering Paragraph 6 of the SAC, Defendants deny the allegations therein.

7.     Answering Paragraph 7 of the SAC, Defendants deny the allegations therein.

8.     Answering Paragraph 8 of the SAC, Defendants deny the allegations therein.

9      Defendants incorporate herein by reference their responses to the allegations contained in Paragraphs 1 through 8 above.

10     Paragraph 10 of the SAC has been stricken by the Court's order and therefore no response thereto is necessary.

11.    Answering Paragraph 11 of the SAC, Defendants lack sufficient information or belief upon which to admit or deny the allegations therein and, based thereon, generally and specifically deny them.

12.    Answering Paragraph 12 of the SAC, Defendants deny that they hid or destroyed any records.  Defendants lack sufficient information or belief upon which to admit or deny the remaining allegations therein and, based thereon, generally and specifically deny them.

13.    Answering Paragraph 13 of the SAC, Defendants admit only that Plaintiff's deposition was taken on September 245, 2008 in connection with a prior matter.  Except as admitted, Defendants deny the remaining allegations therein.

14.    Answering Paragraph 14 of the SAC, Defendants deny the allegations therein.

15.    Answering Paragraph 15 of the SAC, Defendants deny the allegations therein.

16.    Answering Paragraph 16 of the SAC, Defendants deny the allegations therein.

US_ACTIVE-103053995.1

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

17.     Plaintiff fails to allege sufficient facts to state any claim for which relief can be granted.


## SECOND AFFIRMATIVE DEFENSE

### (Mistake)

18.     Any alleged acts or omissions of Defendants giving rise to Plaintiff's claims are the result of innocent mistake despite reasonable procedures implemented by Defendants.  Defendants acted in a reasonable manner in connection with the transactions at issue in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

19.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Fault of Others)

20.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

21.     Plaintiff seeks damages that are too speculative to permit recovery.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

22.     Plaintiff's claims are barred by all applicable statutes of limitations.

US_ACTIVE-103053995.1

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

23.     Defendants at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Defendants.

## EIGHT AFFIRMATIVE DEFENSE

(Wrongfully Sued Defendant)

24.     Plaintiff has erroneously named MBNA and Bank of America as defendants in this litigation.

## NINTH AFFIRMATIVE DEFENSE

(Statutory Compliance)

25.     Defendants has at all times acted in accordance with and complied with all applicable statutory provisions, including 15 U.S.C. 1681s-2(b).

## COUNTERCLAIM FOR BREACH OF CONTRACT (ACCOUNT 6280)

1.     Defendant and counterclaim plaintiff FIA Card Services, N.A. ("FIA") is a national banking association with a usual place of business at 1100 North King Street, Wilmington, Delaware.   FIA was formerly known as MBNA America Bank, N.A.

2.     Plaintiff and counterclaim defendant Wen Y. Chiang ("Chiang") is an individual with a last known address in the United States of 12 Pond Lane, Apt. 63, Arlington, MA.

3.     On or about August 26, 2005, Chiang was approved for a personal, unsecured line of credit account with MBNA America Bank, N.A. ("MBNA") with a $15,000 limit.  The account number for the Account ends in "6280" (previously ending with 9211) hereinafter "Account 6280").  In or about June 2006, MBNA changed its name to FIA Card Services, N.A.  The terms of Account 6280 are set forth in the account agreement that was sent to Chiang when the Account was approved.  A true and accurate copy of the agreement is attached hereto as **Exhibit A.**

US_ACTIVE-103053995.1

4.       In the Agreement, Chiang promised to pay FIA the amount of all advances, finance charges and any other amounts assessed to Account 6280.  He also agreed to pay each month at least the Total Minimum Payment Due shown on his monthly account statements by the Minimum Payment Date shown on his statements.

5.       Under the terms of the agreement, Chiang is in default if he fails to pay each month at least the Total Minimum Payment Due by the Minimum Payment Date.  If Chiang is in default, the agreement permits FIA, in addition to any other remedies under the Agreement, to require immediate payment of all or any portion of his outstanding balance and to pay the costs that FIA incurs in any collection proceeding as well as reasonable attorneys' fees.

6.       The last payment that Chiang made to FIA on his Account was posted on January 13, 2009.  Chiang has failed to pay the Total Minimum Payment Due shown on the monthly statement for Account 6280 for the months of February 2009 through August 31, 2009.

7.       As a result of Chiang's failure to pay the Total Minimum Payment Due for the Account for the months of February 2009 through August 31, 2009, he is in default.

8.       As a result of his default, Chiang is liable to FIA for the outstanding balance of the Account in the amount of $12,453.51 as of August 31, 2009, plus any additional interest and fees that accrue thereafter.

**COUNTERCLAIM FOR BREACH OF CONTRACT (ACCOUNT 7198)**

1.       On or about November 21, 2005, Chiang was approved for a personal, unsecured line of credit account with Bank of America N.A. (USA) with a $3,500 limit.  The account number for the Account ends in "7198" (previously ending with 6419 and 1736) (hereinafter "Account 7198").  In or about June 2006, Bank of American N.A. (USA) changed its name to FIA Card Services, N.A.  The terms of Account 7198 are set forth in an account agreement that was sent to Chiang when the Account 7198 was approved.  A true and accurate copy of the agreement is attached hereto as **Exhibit B**.

2.       In the agreement, Chiang promised to pay FIA the amount of all advances, finance charges and any other amounts assessed to the Account 7198.  He also agreed to pay each month

US_ACTIVE-103053995.1

at least the Total Minimum Payment Due shown on his monthly account statements by the Minimum Payment Date shown on his statements.

3.      Under the terms of the agreement, Chiang is in default if he fails to pay each month at least the Total Minimum Payment Due by the Minimum Payment Date.  If Chiang is in default, the agreement permits FIA, in addition to any other remedies under the Agreement, to require immediate payment of all or any portion of his outstanding balance and to pay the costs that FIA incurs in any collection proceeding as well as reasonable attorneys' fees.

4.      The last payment that Chiang made to FIA on his Account 7198 was posted on January 13, 2009.  Chiang has failed to pay the Total Minimum Payment Due shown on the monthly statement for Account 7198 for the months of February 2009 through August 31, 2009.

5.      As a result of Chiang's failure to pay the Total Minimum Payment Due for the Account for the months of February 2009 through August 31, 2009, he is in default.

6.      As a result of his default, Chiang is liable to FIA for the outstanding balance of the Account in the amount of $4,500.45 as of August 31, 2009, plus any additional interest and fees that accrue thereafter.

WHEREFORE, Defendants and cross-claim plaintiff FIA Card Services, N.A. prays that the Court:

1.      Enter judgment for Defendants and against plaintiff Wen Y Chiang on Plaintiff's claims and award Defendants their costs and reasonable attorneys' fees;

2.      Enter judgment for FIA and against Plaintiff and counterclaim defendant Wen Y. Chiang on FIA's counterclaims in an amount to be determined at trial, including interest, costs and attorneys' fees; and

3.      Order such other and further relief as the Court deems just and proper.

Date: March 11, 2010

US_ACTIVE-103053995.1

**REED SMITH LLP**


By:_____/s/ Amir Shlesinger_____
Abraham J. Colman (CSBN 146933)
Felicia Yu (CSBN 193316)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080


**ABENDROTH BERNS & WARNER, LLC**


By: ___/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Telephone: (781) 237-9188
Facsimile: (781) 237-8891

Attorneys for Defendants Bank of America, N.A.,
and FIA Card Services, N.A.



**Certificate of Service**

        I certify that the above document was filed electronically on March 11, 2010, which
transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document
upon registered ECF users, including counsel for the plaintiff.



    __/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)

US_ACTIVE-103053995.1