UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)

|                                                              |   |                    |
|---|---|---|
| WEN Y. CHIANG,                                               |   |                    |
|         Plaintiff,  |   | NO. 08-11908-RWZ   |
| v.                                                           |   |                    |
| BANK OF AMERICA, MBNA AMERICA BANK, and FIA CARD SERVICES, N.A., |   |                    |
|         Defendants. |   |                    |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER AND COUNTERCLAIM**

**I.    INTRODUCTION**

This case has been pending for nearly a year and a half.  On November 14, 2008, Plaintiff Wen Y. Chiang ("Plaintiff") filed this action attempting to assert various claims against Defendants FIA Card Services, N.A. ("FIA"),[1] and Bank of America, N.A. (collectively "Defendants"), all of which were entirely premised on the propriety of Defendants' credit furnishing conduct in 2008 prior to the filing of this action.  Plaintiff filed a First Amended Complaint ("FAC") on December 15, 2008, asserting additional claims for Constitutional violations based on the same alleged conduct.  This Court previously dismissed all of Plaintiff's claims on the pleadings, with the exception of his Count IV brought under the federal Fair Credit Reporting Act ("FCRA"), which is the only remaining claim.

On July 28, 2009, counsel for Plaintiff and Defendants participated in a scheduling conference in which the Court, in part, ordered Defendants to submit a status report explaining whether Defendants received Automated Consumer Dispute Verifications ("ACDV"), which was

---

[1] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA (A Bank of America Company).

acknowledged to be a necessary prerequisite for this case to proceed. The Court ordered Plaintiff to inform Defendants of the account numbers at issue, and also to file a status report by October 2, 2009. The Court ordered a stay on discovery until these issues were addressed, and until such time that a further status conference could be held.

While the Court was focused on narrowing the issues involved in the case, Plaintiff filed a Second Amended Complaint ("SAC") on September 11, 2009, without leave of court. In his SAC, Plaintiff attempted to expand the relevant scope of his allegations in his SAC. Defendants therefore moved to strike Plaintiff's SAC in its entirety, or paragraph 10 which specifically extended the relevant time frame of the action. On November 25, 2009, the Court granted Defendants motion in part, striking paragraph 10 of Plaintiffs SAC and noting that while not stricken, "references to an account ending in 9211 appeared in the action for the first time in Plaintiff's SAC appear in this action for the first time in the Second Amended Complaint." Plaintiff's SAC then became the operative complaint in this action.

Between November 25, 2009 and March 11, 2010, there was no activity in the case as Defendants were waiting for a further status conference with the Court to evaluate the ACDV and account issues raised in the parties' status reports. In an effort to facilitate progress in the case, Defendants filed an Answer and Counterclaim to Plaintiff's SAC on March 11, 2010. Without conferring with Defendants, Plaintiff filed a Motion to Strike Defendants' Answer and Counterclaim the same day.

## II.     PLAINTIFF'S MOTION SHOULD BE DENIED

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). A motion to strike is "narrow in scope, and disfavored in practice." *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985). Furthermore, a motion to strike should be denied where there is no prejudice to the moving party. *See Reed Technology Services, Inc. v. Future Vision Holdings, Inc.* No. 956900, 2009 WL 1186993, at *1 (Mass. Super. May 9, 2006) (denying plaintiff's motion to strike

defendant's counterclaim where "absolutely no prejudice flowed from the belated assertion of the counterclaim.").

Plaintiff moves to strike Defendants' answer and counterclaim as untimely. As a preliminary matter, Plaintiff failed to confer with Defendants prior to bringing his motion, as required by Local Rule 7.1(a)(2). LR, D. Mass. 7.1(a)(2) ("No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.").

Moreover, Plaintiff does not allege that Defendants' answer and counterclaim are "redundant, immaterial, impertinent, or scandalous," because they simply are not. Plaintiff's motion serves no other purpose than to cause unnecessary delay in a case that has already been pending for nearly a year and a half. In fact, Plaintiff has not moved for an entry of default, and has made no other efforts to advance the case. Defendants have complied with all Court orders in this matter, and were simply waiting for a further status conference or other direction from the Court as to the status of the pleadings. As time passed and there was no activity on the case, Defendants filed an answer to Plaintiff's SAC in an effort to move the case along. Plaintiffs stall tactics are unproductive and improper.

Furthermore, Defendants' counterclaims are properly asserted with their answer to Plaintiff's SAC because they relate to the allegations made in Plaintiff's SAC. *See Tapalian v. Town of Seekonk,* 188 F. Supp. 2d 136, (D. Mass. 2002) (party need not assert a compulsory counterclaim that has not matured at the time he served his pleading, and a counterclaim acquired by defendant after he has answered is not compulsory, even if it arises out of the same transaction as does the plaintiff's claim.) Plaintiff's SAC is the operative pleading, and supplants the allegations made in his FAC. Accordingly, Defendants Counterclaims to allegations raised in Plaintiff's SAC are properly asserted in their answer to Plaintiff's SAC. Indeed, in its order granting Defendant's Motion to Strike Plaintiff's SAC, this Court found that Plaintiff referenced the account ending in 9211 for the first time in this action in his SAC.

Plaintiff is unable to establish that Defendants' answer is "redundant, immaterial, impertinent, or scandalous," such that it should be stricken. In fact, Defendants' answer is integral to moving this case forward and Plaintiff's motion should therefore be denied.

While Defendants maintain that Plaintiff's Motion to Strike should be denied, in the event this Court grants Plaintiff's Motion to Strike, Defendants respectfully request leave of court to file their answer and counterclaims to Plaintiff's SAC, or to amend their answer to Plaintiff's FAC to include counterclaims for breach of contract, as set forth in Defendants' concurrently filed motion.

### III. CONCLUSION

For the reasons stated herein, Defendants request that the Court deny Plaintiff's Motion to Strike.

Date: March 25, 2010

**REED SMITH LLP**

By: ____/s/ Amir Shlesinger____
Abraham J. Colman (CSBN 146933)
Terry Bates (CSBN 115420)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

**ABENDROTH BERNS & WARNER, LLC**

__/s/ Bruce D. Berns____
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Telephone: (781) 237-9188
Facsimile: (781) 237-8891

Attorneys for Defendants Bank of America, N.A.
FIA Card Services, N.A.

US_ACTIVE-103423484.2

## Certificate of Service

    I certify that the above document was filed electronically on March 25, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.

                                                    /s/ Bruce D. Berns
                                             Bruce D. Berns (BBO# 551010)

US_ACTIVE-103423484.2