UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) <br> WEN Y. CHIANG, ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, MBNA AMERICA ) <br> BANK and FIA CARD SERVICES, ) <br>     Defendants ) <br> ) <br> ) | CIVIL ACTION NO. <br> 08-11908  RWZ |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION OF COURT ORDER**

Plaintiff Wen Y. Chiang ("Chiang") has filed a motion requesting this Court to reconsider its order dated November 30, 2009 granting Defendants' motion to strike Paragraph 10 of Chiang's Second Amended Complaint.  This memorandum is in support of that motion.

**I.      INTRODUCTION**

Chiang filed this action on November 14, 2008 based on defendants' improper forwarding of adverse credit information on Chiang's accounts to credit reporting agencies and other unlawful actions.  Chiang sent written disputes to credit reporting agencies and to Defendants.  The credit reporting agencies notified Defendants of the disputes and Defendants refused to correct their erroneous reporting. Chiang filed his First Amended Complaint on December 15, 2008.  This Court dismissed all of Chiang's claims on the pleadings, with the exception of his claim under the Fair Credit Reporting Act.

On July 28, 2009, counsel for plaintiff and defendants participated in a scheduling conference.  The Court ordered Chiang to verify the accounts relevant to his Fair Credit

PDF created with pdfFactory trial version www.pdffactory.com

Reporting Act claim to defendants within five days. On July 29, 2009, Chiang's attorney sent an e-mail to defendants' attorney stating that the account numbers relevant to the claim were account number 6419 (later changed to account number 1736) and account number ending in 9211. This e-mail also stated that the defendants may have received ACDV's from credit reporting agencies from September 1, 2007 to May 1, 2009.

The Court also ordered Chiang to file an amended complaint if the relevant account numbers were other that the account ending in 1736 (formerly 6419). Chiang filed his Second Amended Complaint (Doc. 24), alleging that both the account ending in 9211 and the account ending in 1736 (formerly 6419) are relevant and that defendants violated the Fair Credit Reporting Act after Chiang sent written disputes to all three credit reporting agencies and demand letters pursuant to M.G.L. c. 93A to defendants and defendants failed to perform a timely reasonable investigation, after it received notification of Chiang's disputes, and failed to modify or delete the negative information in Chiang's credit file.

## II.   ARGUMENT

On September 25, 2009, Defendants filed a motion to strike the Second Amended Complaint or, in the alternative, to strike Paragraph 10 of the Second Amended Complaint. (Doc. 26). Paragraph 10 of the Second Amended Complaint alleges:

> 10.   When Plaintiff learned that defendants had sent negative reports to credit reporting agencies, plaintiff sent written disputes to credit reporting agencies regarding his accounts ending in 1737 (formerly ending in 9211). These written disputes were sent by certified mail at various times between April 25, 2007 and May 14, 2009. These credit reporting agencies notified defendants of plaintiff's disputes and defendants were required to conduct a reasonable investigation and report back to the credit reporting agencies within 30 days to indicated that the defendants' initial negative report is correct or to make any necessary changes.

2

PDF created with pdfFactory trial version www.pdffactory.com

In its November 30, 2009 order, the Court stated that references to the account ending in 9211 appeared in this action for the first time in the Second Amended Complaint and that account was the subject matter of another case, CA 06-12258-PBS.

However, the allegations regarding this account in the present action relate to Defendants' conduct and actions that occurred <u>after</u> the time of Defendants' conduct and actions that were the subject matter of the previous action, CA 06-122258-PBS.  Attached hereto as **Exhibit A** are relevant portion of a memorandum and order dated July 9, 2009 of the Court of the previous action.  This memorandum and order (at p. 8) states that the relevant time period for discovery involving the three credit reporting agencies was July 1, 2006 to March 31, 2007 and that Chiang alleged that he discovered the alleged errors and sent written disputes to the credit reporting agencies in the fall of 2006.  Thus, the alleged illegal negative reports by the Defendants occurred in the fall of 2006 or earlier.  Therefore, the actions and conduct of the Defendants relevant to the prior case occurred in the fall of 2006 or earlier.

In the present action, in Paragraph 10 of the Second Amended Complaint, Chiang alleges that when he learned of new negative reports to credit reporting agencies by Defendants, he sent written disputes to the credit reporting agencies between May 11, 2007 and May 14, 2009.  Thus, the alleged illegal conduct of the Defendants in this action began in about April 2007, after the alleged illegal reporting in the prior case.  Attached hereto as **Exhibit B** are letters from Chiang to the credit reporting agencies dated April 25, 2007, May 15, 2007, July 22, 2008 (3 letters) and May 11, 2009 (3 letters).May 15, 2007 and July 22, 2008 (3 letters).

In Chiang's First Amended Complaint, he alleged that he sent written disputes to credit reporting agencies, but did not stated when he sent these letters.  The dates on which he sent these letters were alleged in the Second Amended Complaint.

3

Since the alleged illegal conduct and actions of the Defendant's in the present case occurred <u>after</u> the alleged illegal conduct in the prior case, Chiang is entitled to pursue his claims set for the Paragraph 10 of the Second Amended Complaint. For a claim under the Fair Credit Reporting Act, a plaintiff must allege that he sent written disputes to the credit reporting agencies. When this Court struck Paragraph 10 of the Second Amended Complaint, it struck a required allegation of Chiang's claim.

In addition, F.R.Civ.P. 15(a) states that amendments, such as Chiang's Second Amended Complaint, shall be freely given when justice so requires. Justice requires that Chiang be allowed to assert his allegations set forth in Paragraph 10 of the Second Amended Complaint. A court must grant leave to amend unless there is a good reason to do so. <u>Municipal Revenue Service, Inc. v. Xspand, Inc.</u>, 2006 WL 91358 at *2 (M.D. Pa. 2006). It is an abuse of discretion for a court to deny leave without any justifying reason. <u>Foman v. Davis</u>, 371 U.S. 178, 183 (1962). When this Court struck Paragraph 10 of the Second Amended Complaint, the Court's action was identical to denying Chiang his right to amend by adding the important allegations contained in Paragraph 10 of the Second Amended Complaint. Chiang filed his orginal Complaint in this action on November 11, 2008, more than a year after he sent written disputes to the credit reporting agencies and to defendants.

Chiang has an absolute right to assert new claims based on actions and conduct of Defendants that occurred after the actions and conduct alleged in the prior action. If this Court does not reconsider its order and allow Chiang to assert these allegations, it would be an abuse of discretion.

Defendants and Defendants' counsel knew that their conduct and actions regarding the account ending in 9211 alleged in the Second Amended Complaint were different from and

4

PDF created with pdfFactory trial version www.pdffactory.com

occurred after the actions and conduct alleged in the prior action.  Thus, Defendant's motion to strike was nothing but an attempt to mislead this Court.

Based on the foregoing, this Court should reconsider its November 30, 2009 order and issue a new order reinstating Paragraph 10 of the Second Amended Complaint.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474

Dated: April 5, 2010           (781) 641-2825

CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that this document was filed electronically on March 31, 2009 which transmission constitutes, pursuant to Local Rule 5.4(c), service of the foregoing document upon registered ECF users, including counsel for defendants.

Date:  April 5, 2010            /s/ Dean Carnahan
                                Dean Carnahan

B-2403-MSMR

5

PDF created with pdfFactory trial version www.pdffactory.com