UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)

| |
WEN Y. CHIANG, |
          Plaintiff, | NO. 08-11908-RWZ
v. |
|
BANK OF AMERICA, MBNA |
AMERICA BANK, and FIA CARD |
SERVICES, N.A., |
          Defendants. |
|

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF COURT ORDER**

**I.      INTRODUCTION**

On November 14, 2008, Plaintiff Wen Y. Chiang ("Plaintiff") filed this action attempting to assert various claims against Defendants FIA Card Services, N.A. ("FIA"),[1] and Bank of America, N.A. (collectively "Defendants"), all of which were entirely premised on the propriety of Defendants' credit furnishing conduct in 2008 in connection with Plaintiff's account ending in 1736 (the "1736 Account"). Plaintiff filed a First Amended Complaint ("FAC") on December 15, 2008, asserting additional claims for Constitutional violations based on the same alleged conduct and account. This Court dismissed all of Plaintiff's claims on the pleadings, with the exception of his Count IV brought under the federal Fair Credit Reporting Act ("FCRA"), which is the only remaining claim.

On September 11, 2009, Plaintiff filed a Second Amended Complaint ("SAC") without leave of court. In paragraph 10 of the SAC, Plaintiff attempted to expand the scope of his claims to include allegations with respect to a <u>second</u> account, ending in 9211 (the "9211 Account).

---

[1] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA (A Bank of America Company).

Defendants therefore moved to strike Plaintiff's SAC in its entirety or, in the alternative, paragraph 10, by which Plaintiff attempted to expand the scope of the case to include the 9211 Account. On November 25, 2009, the Court granted Defendants motion in part, striking paragraph 10 of Plaintiff's SAC and noting that "references to account ending in 9211 appear for the first time in the Second Amended Complaint, and that account was the subject of another case, CA 06-12258-PBS."

On April 7, 2010, the parties participated in a scheduling conference wherein the Court confirmed that the only account at issue in this case is the 1736 Account.

Defendant now moves the Court to reconsider its order striking paragraph 10 of the SAC. Defendant's motion should be denied because, as the Court has already noted, the 9211 Account is not at issue in this case and paragraph 10 was therefore properly stricken. Accordingly, Defendants respectfully request the Court deny Plaintiff's Motion for Reconsideration.

## II.     PLAINTIFF'S MOTION SHOULD BE DENIED

A district court has substantial discretion and broad authority to grant or deny a motion for reconsideration. *See Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. P.R. 2008), *citing United States v. Parcel of Land*, 896 F.2d 605, 611 (1st Cir. 1990). A court appropriately may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence." *Id. (citing Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007)); *see also Brown v. United Air Lines, Inc.*, 656 F. Supp. 2d 244, 248 (D. Mass. 2009) (To prevail [on a motion for reconsideration] the moving party must either present previously unavailable evidence or show that a manifest error of law was committed.) Likewise, a motion for reconsideration should be granted if the court "has patently misunderstood a party . . . or has made an error not of reasoning but apprehension." *Id., see also Elgin v. United States*, 2010 U.S. Dist. LEXIS 28623 (D. Mass. Mar. 11, 2010) (same). A district court's decision to grant or deny a motion for reconsideration is reviewed under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for manifest abuse of discretion. *See Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007); *DiMaio*

*Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co.*, 448 F.3d 460, 462 (1st Cir. 2006).

Furthermore, a court has broad authority to manage its own docket. *See O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 155 (1st Cir. Puerto Rico 2004) ("In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. Rule 16 provides the district courts with many of the devices necessary to manage its docket.") (internal citations omitted); *Otoki Group, Inc. v. Gibraltar, P.R., Inc.,* 16 Fed. Appx. 3, (1st Cir. Puerto Rico 2001) ("A district court has inherent authority to manage its docket. . . ."); *U.S. v. Ottens*, 74 F.3d 357, 359 (1st Cir. Mass. 1996), *citing United States v. Devin,* 918 F.2d 280, 291 (1st Cir. 1990) ("It is the province of the district court to manage its docket.").

Here, Plaintiff filed this action nearly a year and half ago, and for the first twelve months that this case was pending, Plaintiff made no attempts to include the 9211 Account in this action. As this Court properly noted, the only account at issue in the Complaint and FAC was the 1736 Account. The 9211 Account was not referenced until Plaintiff filed his SAC, and the Court rightfully struck paragraph 10 which attempted to expand the scope of the case to include the 9211 Account. In addition, as this Court has also noted, the 9211 Account was the subject of another action by Plaintiff for alleged violations of the Fair Credit Reporting Act.[2]

Moreover, this Court has broad authority to manage its docket, and at the April 7, 2010 status conference, the Court explained that it will exercise its authority to limit this case to the 1736 Account.[3] Plaintiff has a lengthy history of filing frivolous and trivial lawsuits against the

---

[2] The 9211 Account was at issue in a Fair Credit Reporting Act case that Plaintiff brought against Defendants that is pending before Judge Saris (CA 06-12258-PBS). Plaintiff could have, but chose not to, seek leave of court to add the claims he now asserts in the prior action. Furthermore, limiting this action to the 1736 Account does not preclude Plaintiff from seeking relief on the 9211 Account in a separate action if there are in fact grounds to do so.

[3] If this case is limited to the 1736 Account, as it should be, Defendants are prepared to voluntarily dismiss without prejudice, or consent to the Court's dismissal without prejudice, of its counterclaim for breach of contract of the 9211 Account.

defendants and, unless the Court establishes clear boundaries with respect to the scope of this case, there will be no end to Plaintiff's attempts to improperly add claims and unnecessarily complicate this litigation.

Plaintiff does not, and simply cannot, allege any mistake of law or point to any newly discovered evidence to warrant reconsideration of the Court's order. The Court made it clear at the April 7 status conference that this case is limited to the 1736 Account, and its order striking paragraph 10 of the SAC is consistent with this directive. Accordingly, Plaintiff's motion for reconsideration should be denied.

### III.   CONCLUSION

For the reasons stated herein, Defendants request that the Court deny Plaintiff's Motion for Reconsideration and specifically issue an order confirming that this action is limited to the 1736 account.

Date: April 19, 2010

**REED SMITH LLP**

By: ___/s/ Amir Shlesinger___
Abraham J. Colman (CSBN 146933)
Terry Bates (CSBN 115420)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

**ABENDROTH BERNS & WARNER, LLC**

  /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Telephone: (781) 237-9188
Facsimile: (781) 237-8891

Attorneys for Defendants Bank of America, N.A. and FIA Card Services, N.A.

US_ACTIVE-103423484.2

## Certificate of Service

  I certify that the above document was filed electronically on April 19, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.


         /s/ Bruce D. Berns
         Bruce D. Berns (BBO# 551010)

US_ACTIVE-103423484.2