UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA, MBNA AMERICA<br>BANK and FIA CARD SERVICES,<br>    Defendants | CIVIL ACTION NO.<br>08-11908  RWZ |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, Plaintiff Wen Y. Chiang ("Chiang") hereby submits this response to defendants' statement of material facts:

1.  Defendant Bank of America changed Chiang's Visa account from an account ending in 6419 to an account ending in 1736 after he complained about unauthorized charges. *See* **Affidavit of Dean Carnahan, Chiang's deposition, p. 173, l. 2-8**.

2.  Defendants allege that "Bank of America, N.A." did not maintain Chiang's account and did not have any responsibility for credit reporting on the account. However, Chiang sued the entity that issued his credit card and that made negative reports to credit reporting agencies. All of the monthly statements for the account (Doc. 52-1) and all communications from the credit reporting agencies listed only "Bank of America" as the creditor. If this entity was "Bank of America, N.A. (USA)", as defendants allege, then this is the entity that Chiang sued and is the entity that would be liable for Chiang's damages.

PDF created with pdfFactory trial version www.pdffactory.com

3.      Chiang's account may have been over limit in January 2008.  However, Bank of America credited Chiang with this over limit fee by letter dated June 30, 2008. *See* **Affidavit of Wen Y. Chiang, June 30, 2008 letter from Bank of America.**  Thus, Bank of America should have removed this over limit entry on his statement. The January 2009 statement lists a balance of $3,405.70, which is below the credit limit of $3.500.00 (Doc. 52-1, page 43).  Chiang's account was not over limit in February 2009.  The February 24, 2008 statement shows that the balance is $3,637.18 (Doc. 52-1. page 43).  However, Bank of America overcharged Chiang for an unauthorized charge on November 3, 2008 in the amount of $381.43. *See* **Affidavit of Chiang, Statement for November 2008.**  Bank of America also overcharged Chiang in the following ways: (1) overdraft protection fees - $30.00; (2) charging interest on the unauthorized charge - $97.02; (3) charging exorbitant interest - $335.47; (4) charging over limit fees when the account was not over limit - $78.00). *See* **Affidavit of Chiang, ¶ .** Considering these overcharges, Chiang account was not over limit in February 2009 or in March 2009.

4-5.     Defendants allege that Bank of America properly investigated the dispute notifications that it received from credit reporting agencies ("CRAs") in accordance with its policies and procedures. However, defendants do not state what their policies and procedures were.  Defendants state that Bank of America received 2,800 dispute notifications ("ACDV's") each day and had 24 employees to investigate and respond to the CRAs. (Doc. 51, ¶ 5. Assuming that four of these were on vacation or out of work for personal reasons, it is reasonable to infer that 20 employees investigated and responded to the 2,800 ACDVs. It is also reasonable to infer that with coffee breaks, lunch break and other non-work activities, that each of these employees worked seven hours each day.  Thus, each of these employees would have to investigate the dispute and report back to the CRA on 20 ACDVs each hour.  Three minutes to investigate each

PDF created with pdfFactory trial version www.pdffactory.com

ACDV and report back to the CRA leaves no time for an employee to do more that a cursory investigation. Bank of America states that these employees have access to the account and billing records. (Id. at ¶ 6). Thus, these employees only investigate and report on these limited records. Such a limited, cursory investigation is not a reasonable investigation.

6. Chiang is the sole owner of his company and the only shareholder. Thus, these damages are recoverable, since they were Chiang's personal losses and damages.

7. Defendants allege that after an ACDV is investigated, Bank of America will either confirm, delete or modify the consumer's credit information. However, there is no evidence that Bank of America ever responded in any way other that to confirm that its reporting was accurate.

8. Defendants allege that Bank of America received 10 ACDVs for Chiang's account beginning in July 2008. However, this Court has ordered all of the CRAs to produce documents regarding Chiang's account and these documents may show other ACDVs or other information relevant to Chiang's claims.

9. Defendants allege that all of its reporting was accurate based on the account history at the time of reporting. This is nothing but defendants' allegation that all of its monthly statements were accurate, when they were not. In addition, this allegation of Bank of America shows only a limited search to perform its duty of a reasonable investigation. Defendants state that Chiang had disputed his account information, but do not state the nature of this dispute or the date of the dispute. On November 15, 2008, Chiang received notice that Experian was reporting that Bank of America had reported that Chiang's account was 30 days past due. *See* **Affidavit of Chiang, Nov. 15, 2008 letter from Discover Card.** In addition, defendants' own document shows that Bank of America had reported that Chiang was delinquent in his payment

3

PDF created with pdfFactory trial version www.pdffactory.com

in July 2008 and was one month late in his payments in August, September, November and December 2008.  (Doc. 51-1, page 28 of 31).  However, the statements for these months (Doc. 52-1) do not show a delinquency in July 2008 or that Chiang was one month late in his payments for August, September, November or December 2008. Thus, this reporting was inaccurate and a review of Bank of America's monthly statement would have shown these inaccuracies.  In addition, the **Affidavit of Linda Chiang**, attached to **Affidavit of Dean Carnahan,** filed herewith, shows that a buyer obtained Chiang's credit report in November 2008 and refused to do business with Chiang because Chiang's credit report revealed that he had made a late payment or late payments to a bank.  The account records of Bank of America (Doc. 52-1) do not show any late payments prior to November 2008 or in November 2008.  Thus, this reporting by Bank of America was inaccurate.  In addition, Bank of America's investigation was unreasonable since it ignored it own records that show no late payment.

      10.     Defendants do not state what they originally reported to CRAs, e.g. late payments, over limit, or the date of these initial reports.  Defendants only discuss their reports after they received notification from a CRA.

      11.     Defendants allege that Bank of America did not report a late payment on Chiang's account until March 23, 2009.  However, as shown above, Bank of America did report late payments in July, August, September, November and December 2008.

      12.     Defendants allege that they never reported that Chiang was "over limit" on his Visa account.  However, the ACDVs show that Chiang's account was being reported as "over limit." (Doc. 51-1, page 2 of 31; Doc. 51-1, page 8 of 31).

4

PDF created with pdfFactory trial version www.pdffactory.com

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474

Dated:  August 26, 2010        (781) 641-2825

CERTIFICATE OF SERVICE

    I, Dean Carnahan, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date:  August 26, 2010        /s/ Dean Carnahan
                                                  Dean Carnahan

B-2403-RSF

PDF created with pdfFactory trial version www.pdffactory.com