**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WEN Y. CHIANG, | &#124; |
| **Plaintiff,** | &#124;   NO. 08-11908-RWZ |
| v. | &#124; |
| | &#124; |
| **BANK OF AMERICA, MBNA** | &#124; |
| **AMERICA BANK, and FIA CARD** | &#124; |
| **SERVICES, N.A.,** | &#124; |
| **Defendants**. | &#124; |

## DEFENDANTS' REPLY MEMORANDUM[1]

**I.     There Is No Evidence That Defendants' Investigations Were Unreasonable**

Plaintiff's opposition fails to raise any genuine issue of material fact that FIA's investigations were unreasonable.  Indeed, Plaintiff does not refute Defendant's evidence, object to the evidence, or present any evidence to the contrary.  For this reason alone, his claim fails.  *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).  Instead, Plaintiff attempts to meet his burden by *arguing* that (1) each ACDV investigation lasted "three minutes;" (2) Plaintiff communicated specific billing disputes to Defendants; and (3) FIA did not review "underlying documents."  These arguments are insufficient to meet his burden under FCRA.

Plaintiff's "three minute" argument fails because he does not provide a shred of evidence as to either the duration or the extent of the investigation of any specific dispute raised in any of the ACDVs that FIA received from the CRAs.   Rather, he bases his argument only on gross speculation and conjecture and unsubstantiated assumptions about vacation schedules, work routines, employment practices, etc.  There is absolutely no evidence—let alone admissible evidence—supporting  any of Plaintiff's assumptions or the inference he asks the Court to draw; nor is there any authority establishing that investigations must be of a specific duration in order to be deemed reasonable.   There

---

1    In a hopeless attempt to avoid summary judgment, Plaintiff filed an opposition filled with speculation, conjecture and argument in order to disguise the fact  that they are not supported with any credible record evidence in accordance with Fed. R Civ. P. 56(e).  In fact, Plaintiff conducted virtually no discovery in this case and did not even attempt to obtain discovery from the CRAs until after the most recent status conference.  He has attempted instead to support his opposition with inadmissible and irrelevant documents and affidavits, presumably hoping to distract the Court from the narrow issues remaining in this case.

US_ACTIVE-104424789.4

is simply no evidence that FIA's investigation of any of the ACDVs was unreasonable.  Since it is

Plaintiff's burden to provide that evidence, his claim must fail as a matter of law.

Plaintiff's contention that his communications with Defendants support a FCRA claim also

fails because, as Plaintiff concedes, notice of a dispute *directly from the consumer* **does not** trigger any

obligations under the FCRA.  *See Gibbs v. SLM Corp.¸* 336 F. Supp. 2d 1, 21-23 (D. Mass. 2004).[2]

The communications cited by the Plaintiff at most reflect his disagreement with the Defendant's

position with respect to charges appearing on his account statement and "[t]o the extent that

[Plaintiff's] argument reduces to the claim that any investigation that did not accept his allegations as

accurate was by definition unreasonable, it fails." *Chiang* at 41.

Finally, Plaintiff's contention, without any factual support, that Defendants did not review

"underlying documents" (whatever that term means) also fails.  Plaintiff does not dispute that FIA's

investigations were based, in part, on a review of the VISA account documents and billing records.

Plaintiff has not identified a single specific document that he claims was excluded from review, nor

can he because Plaintiff did not conduct any discovery on this issue and admitted under oath that he

has no knowledge of what FIA reviewed in its investigations.

## II.   The ACDVs Did Not Identify Any Alleged Reporting Inaccuracies

Plaintiff also fails to establish any factual inaccuracies in FIA's credit reporting, or explain how

an alternative investigation of any of the ten ACDVs at issue would have uncovered any alleged

factual inaccuracy.  In his opposition, Plaintiff argues that FIA's reporting of the VISA account was

inaccurate because of alleged *billing* disputes but fails to explain how an alleged billing dispute has

any bearing on FIA's *credit reporting* to CRAs.  As FIA established by affidavit, FIA does not and did

not report any particular billing transactions to the CRAs, and, in any event, as was the case in *Chiang*,

none of the ACDVs at issue here alerted FIA to any specific billing dispute.  FIA's rejection of

Plaintiff's billing dispute does not render the credit reporting inaccurate.  Moreover, at all relevant

---

[2] In fact, the communications that Plaintiff cites dated May 27, 2009 and June 9 and 29, 2009 post-date the last ACDV
received by FIA and therefore are completely irrelevant.

US_ACTIVE-104424789.4

times FIA reported to the CRAs that Plaintiff disputed the VISA account information and therefore the reporting was accurate.

Plaintiff's claim that FIA erroneously reported the account as past due similarly lacks factual support.[3]  The November 15, 2008 Experian "notice" Plaintiff cites [Doc. No. 62-1, pg. 4 of 21] is inadmissible, and further does not even indicate the account to which it relates.[4]  Plaintiff's reliance on the May 20, 2009 ACDV [Doc. No. 51-1, pp. 27-29] to suggest that FIA reported his account as past-due in late 2008 is also misplaced because he has offered no evidence whatsoever as to the meaning of the information contained in this document.[5]

Moreover, Plaintiff's argument fails because none of ACDVs at issue alerted Defendants that Plaintiff disputed any past-due reporting by FIA.  In fact, Plaintiff does not cite a single letter in which he even raises the late-payment dispute with any CRA.[6]  Because FIA's investigation is guided by the CRA's dispute information, and because none of the ACDVs raised late-payment disputes, Plaintiff's unsubstantiated contention that FIA's reporting was inaccurate fails in any event.

## III.   Plaintiff Has No Admissible Evidence Of Damages

Plaintiff's entire damage claim is based on the inadmissible hearsay statements of a deceased witness.  Furthermore, Plaintiff cannot establish causation because he admits that the alleged adverse reporting of another account (9211), not at issue in this case, caused the alleged buyer to terminate that purported contracts.   For all these reasons, Plaintiff's claim fails.

Respectfully submitted,

---

[3] As established by Mr. Geiser's Declaration, FIA did not report Plaintiff's VISA account as past due until March 2009, when Plaintiff admits he stopped making any payments, and there is no admissible evidence to the contrary.

[4] Playing fast and loose with the rules of procedure, Plaintiff never previously produced this document.

[5] It is self-evident that the ACDVs contain un-shaded data "request" sections with information from the CRA as to which a response is being requested of the credit furnisher, and shaded "response " sections where the credit furnisher can provide a response.  The information relied upon by Plaintiff in this document clearly contains information provided by the CRAs.

[6] The May 20, 2009 ACDV, for instance, alerted FIA to alleged fraudulent account activity, and requested FIA to verify account signature and identification; it did not relate to late payment issues.  (*See* Exhibit B to Geiser Decl.)

US_ACTIVE-104424789.4

**ABENDROTH BERNS & WARNER LLC**


By: _____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Date: August 31, 2010           (781) 237-9188

**REED SMITH LLP**


By:      __/s/ Amir Shlesinger_____
Abraham J. Colman (CSBN 146933)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

Attorneys for Defendant FIA Card Services, N.A.,
formerly known as MBNA America Bank, N.A. and
erroneously sued herein as "MBNA America Bank

**Certificate of Service**

        I certify that the above document was filed electronically on August 31, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.


        __/s/ Bruce D. Berns_____
        Bruce D. Berns (BBO# 551010)

US_ACTIVE-104424789.4