UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA, MBNA AMERICA<br>BANK and FIA CARD SERVICES,<br>    Defendants | CIVIL ACTION NO.<br>08-11908  RWZ |

## PLAINTIFF'S RESPONSE MEMORANDUM

Defendants filed their Reply Memorandum on August 31, 2010 (Doc. 65). This memorandum is in response to Defendants' Reply Memorandum.

### I. Plaintiff's Summary Judgment Evidence Shows That Defendants' Investigations Were Unreasonable

Plaintiff's opposition memorandum raises a genuine issue of material fact as to whether Defendants' investigations were reasonable. Plaintiff relies on Defendants' Affidavit of Randolph Geiser (Doc. 51) to show that Defendants' investigations were unreasonable since Defendants' employees only had three minutes to review a dispute notification from a credit reporting agency ("CRA"), pull up and review plaintiff's billing and account information, perform an investigation and report back to the CRA. It is a reasonable inference that Defendants' employees simply rubber stamped whatever the billing and account records stated[1] and that these investigations were per se unreasonable.

---

[1] Defendants argue that Plaintiff's opposition was filled with speculation, conjecture and argument. However, Plaintiff's opposition only asked this Court to draw reasonable inferences that are not speculation or conjecture.

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff does not rely solely on his dispute notices he sent to Defendants.  However, a consumer's affidavits and letters to a creditor can be considered at the summary judgment phase. Chiang v. Verizon New England, Inc., 595 F. 3d 26, 39 (1st Cir. 2010).   In addition, Defendants state that they informed the CRAs that Plaintiff disputed his account information.  Plaintiff's evidence showed that Defendants were aware of his dispute with the unauthorized charge of RCN when Plaintiff went to a Bank of America branch office, where Bank of America employees verified this unauthorized charge.  The ADCVs show that Defendants notified to CRAs that Plaintiff's account was over limit, when Chiang's disputes, known to Defendants, show that his account was never over limit.  All of this information would have been recovered if Defendants had conducted a reasonable investigation of these underlying documents.  When a creditor limits its investigation to its own account and billing records and never reviews any underlying documents, the investigation is unreasonable. Johnson v. MBNA America Bank, N.A., 357 F. 3d 426, 431 (4th Cir. 2004).

## II.     The ACDVs Identified Reporting Inaccuracies

Plaintiff's claim that Defendants erroneously reported his account as past due is shown by a November 15, 2008 notice from Experian. (Doc. 62-1, p. 4 of 21).[2]  In addition, Doc. 51-1, p. 28 of 31 shows that Defendants falsely reported Plaintiff's account as delinquent in March and July 2008 and was one month late in August, September, November and December 2008.[3]  This document shows the inaccurate reporting of Defendants.  A reasonable investigation of the

---

[2]  Defendants argue that this document is inadmissible.  However, this Court has ordered the CRAs to produce specified documents related the Plaintiff's account and to sign a certificate that will make this document admissible.

[3]  Defendants argue that this Court should not rely on Doc. 51-1, p. 28 of 31 since Plaintiff has offered no evidence as to the meaning of the information in this document.  However, Defendants do not dispute that this document shows delinquent payments or that it shows payments that were late payments.

2

PDF created with pdfFactory trial version www.pdffactory.com

ADCVs and Plaintiff's billing and account records would have shown these errors in reporting. These documents show that Defendants' so-called investigation was unreasonable.

### III. **Plaintiff Has Presented Admissible Evidence Of His Damages**

Defendants argue that Plaintiff's damages claim is based on inadmissible hearsay statements of a deceased person. However, the statements of this deceased person are admissible as an exclusion to the hearsay rule. F.R. Evid. 804(a)(4), 804(b)(3) and 807 or as the business records of Linda Chiang, pursuant to F.R. Evid. 803(6).

Defendants argue that Plaintiff cannot establish causation because the adverse action by the buyer canceling Plaintiff's contract was caused by Defendants' reporting on another account (9211), that is not at issue in this case.[4] However, the termination of the contract occurred since Plaintiff's credit report showed a late payment history on account 9211 <u>and</u> account 6419 and a over credit limit on 6419. *See* Affidavit of Linda Chiang, Doc. 63, Exhibit C, ¶ 6. Thus, Chiang's evidence shows causation by virtue of the proximate cause doctrine.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA 02474
Dated: September 1, 2010  (781) 641-2825

---

[4] This Court has not dismissed all of the allegations of the Second Amended Complaint relating to this account (9211).

3

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

    I, Dean Carnahan, hereby certify that on this day, I served a copy of this notice to counsel for defendants, by and through the ECF filing system.

Date:  September 1, 2010        /s/ Dean Carnahan_____
                                         Dean Carnahan

B-2403-RM

PDF created with pdfFactory trial version www.pdffactory.com