UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| WEN Y. CHIANG, <br>     Plaintiff, <br> v. <br><br> BANK OF AMERICA, MBNA <br> AMERICA BANK, and FIA CARD <br> SERVICES, N.A., <br>     Defendants. | NO. 08-11908-RWZ |

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF WEN Y. CHIANG

  Defendants FIA Card Services, N.A. ("FIA"),[1] and Bank of America, N.A. (collectively "Defendants") hereby move to strike the affidavit filed by plaintiff Wen Y. Chiang ("Plaintiff") in opposition to Defendants' Motion for Summary Judgment on Plaintiff's Second Amended Complaint.  Under Rule 56(e)(1) of the Federal Rules of Civil Procedure, a supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(e)(1).  For the reasons set forth below, Plaintiff's affidavit and the exhibits thereto do not comply with the requirements of Rule 56(e)(1) and therefore should be stricken.

  1. Paragraphs 2 – 6 of Plaintiff's affidavit contain irrelevant averments and/or inadmissible hearsay.  The only issues remaining in this case are whether Plaintiff can establish that FIA's investigation of the ACDVs received by FIA from any of the CRAs was unreasonable and whether an alternative investigation would have uncovered an inaccuracy in FIA's *credit reporting*.  *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).  Factual

---

[1] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA America Bank).

averments, and averments concerning communications between Plaintiff and Defendants, regarding Plaintiff's deposit account and/or billing disputes with respect to his credit card account, are not relevant to Plaintiff's sole remaining claim brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-b(2) because, as discussed in Defendants' memorandum in support of its motion for summary judgment, FCRA addresses credit reporting, not billing disputes. The averments in these paragraphs at most reflect Plaintiff's disagreement with the Defendants' position with respect to charges appearing on his account statement and "[t]o the extent that [Plaintiff's] argument reduces to the claim that any investigation that did not accept his allegations as accurate was by definition unreasonable, it fails." *Chiang* at 41.

2. Paragraphs 3, 5 and 6 of Plaintiff's affidavit contain improper legal conclusions.

3. Paragraph 7 of Plaintiff's affidavit is irrelevant to the Plaintiff's FCRA claim.

4. Paragraph 8 of Plaintiff's affidavit contains irrelevant averments because the Court denied Plaintiff's request for leave to amend his complaint to include allegations concerning the account ending "9211." The sole remaining claim in this action does not pertain to this account and therefore Plaintiff's averments concerning the account are irrelevant and should be stricken.

5. Defendants object to the following Exhibits attached to Plaintiff's Declaration as follows:

   a. Exhibits A-a [Doc. 62-1, p. 1], A-b [Doc. 62-1, p. 2], A-c [Doc. 62-1, p. 3], A-e [Doc. 62-1, p. 5], A-h [Doc. 62-1, pp. 8-9], A-i [Doc. 62-1, pp. 16-17], A-j [Doc. 62-1, p. 20], A-k [Doc. 62-1, pp. 10-11], A-l [Doc. 62-1, p. 12], A-m [Doc. 62-1, p. 13], A-n [Doc. 62-1, p. 14], A-o [Doc. 62-1, p. 15], A-p [Doc. 62-1, p. 21] are irrelevant and contain inadmissible hearsay for the reasons set forth in Paragraph 1 above. In addition, to establish a 15 U.S.C. § Section 1681s-2(b) claim, Plaintiff has the burden of establishing with affirmative evidence actual notice from a consumer reporting agency to *defendant*. *Gibbs v. SLM Corp.,* 336 F. Supp. 2d 1, 21-23 (D. Mass. 2004). His

communications or dispute with the Defendants or credit reporting agencies are wholly irrelevant.

  b. Exhibit A-d [Doc. 62-1, p. 4] contains inadmissible hearsay, lacks foundation, is irrelevant and was not previously produced in discovery.  This document purports to be a letter from Discover to Plaintiff but nowhere in the document does it identify the Bank of America account to which the alleged past due status relates.

  c. Exhibits A-f [Doc. 62-1, pp. 6 and 18] and  A-g [Doc. 62-1, pp. 7, 19-20] contain inadmissible hearsay, lack foundation and are irrelevant.

        Respectfully submitted,

        **ABENDROTH BERNS & WARNER LLC**

        By: _____/s/ Bruce D. Berns_____
        Bruce D. Berns (BBO# 551010)
        40 Grove Street, Suite 375
        Wellesley, MA 02482

Date: September 2, 2010   (781) 237-9188

        **REED SMITH LLP**

        By: __/s/ Amir Shlesinger_____
        Abraham J. Colman (CSBN 146933)
        Amir Shlesinger (CSBN 204132)
        355 South Grand Avenue, Suite 2900
        Los Angeles, CA  90071-1514
        Telephone:  (213) 457-8000
        Facsimile:   (213) 457-8080

        Attorneys for Defendant FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. and erroneously sued herein as "MBNA America Bank"

## Certificate of Service

      I certify that the above document was filed electronically on September 2, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.


                                                         __/s/ Bruce D. Berns_____
                                                         Bruce D. Berns (BBO# 551010)

US_ACTIVE-104431146.1