## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## (BOSTON)

|   |   |
|---|---|
| WEN Y. CHIANG, | | |
|               **Plaintiff,** | |    **NO. 08-11908-RWZ** |
| **v.** | | |
|   | | |
| BANK OF AMERICA, MBNA | | |
| AMERICA BANK, and FIA CARD | | |
| SERVICES, N.A., | | |
|               **Defendants.** | | |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
### PURPORTED REQUEST PURSUANT TO FED. R. CIV. P. 56(f)

In his opposition to the motion filed by Defendants FIA Card Services, N.A. ("FIA"),[1]

and Bank of America, N.A. (collectively "Defendants") for summary judgment on Plaintiff's

sole remaining Fair Credit Reporting Act ("FCRA") claim, Plaintiff weakly argues that the

motion should be denied pursuant to Rule 56(f) of the Federal Rules of Civil Procedure because

he lacks a basis in fact for opposing the motion.   To the extent that this argument is construed by

the Court as a request pursuant to Rule 56(f), it should be rejected because the Plaintiff has failed

to comply with the requirements of Rule 56(f).

      Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary
> judgment] that the party cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court may refuse the application for
> judgment or may order a continuance to permit affidavits to be obtained or
> depositions to be taken or discovery to be had or may make such other order as is
> just.

---

[1] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as
MBNA America Bank).

US_ACTIVE-104431429.1

Fed. R. Civ. P. 56(f).  However, in this jurisdiction, a Rule 56(f) "motion must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will influence the outcome of the pending motion for summary judgment."  *Great Northern Ins. Co. v. Architectural Env'ts, Inc.*, 2007 U.S. Dist. LEXIS 76003 (Dein, J.),  *quoting Adorno v. Crowley Towing & Transp. Co.,* 443 F.3d 122, 127 (1st Cir. 2006); se*e also Velez v. Awning Windows, Inc.,* 375 F.3d 35, 39-40 (1st Cir. 2004) (affidavit or "its functional equivalent" required by Rule 56(f)); *Brilmyer v. Univ. of Chi.*, 431 F. Supp. 2d 154, 160 (2006).  Where, as here, the party opposing summary judgment has not filed a Rule 56(f) motion, has not provided any indication of the discovery it seeks to obtain in connection with its opposition or explained how such information might influence the outcome of the pending motion for summary judgment, and has not shown good cause for his failure to obtain the discovery sooner, neither denial of Defendants' motion for summary judgment[2] nor any delay in its consideration are warranted.

In his opposition to Defendants' motion for summary judgment, Plaintiff asserts that he "cannot present affidavits or certifications from the three [credit reporting agencies] since all three have ignored the orders of this Court entered on July 14, 2010," and that "these CRA records are necessary for Chiang to support his opposition to the summary judgment motion."  In the affidavit filed with the opposition, plaintiff's counsel asserts only that the Court issued orders directing the credit reporting agencies ("CRAs") to produce records concerning the Plaintiff (to the extent the CRAs have such records, of course), the CRAs have collectively produced only a

---

[2] Plaintiff's argument that Defendants' motion should be denied is ludicrous.  No suggestion has been made that Plaintiff's inability to marshal any relevant facts to oppose the motion for summary judgment was caused by Defendants' failure to produce records, and there is no good reason why Defendants' motion should be denied because Plaintiff waited until the eleventh hour to request the discovery he now is complaining about.

US_ACTIVE-104431429.1

few unspecified documents, and that Plaintiff therefore cannot present affidavits or certifications in opposition to Defendants' motion for summary judgment.  Plaintiff has not filed a motion under Rule 56(f) asking the Court to either deny Defendants' motion for summary judgment or for a continuance, and his counsel's affidavit does not describe the information Plaintiff expects to obtain from the CRAs, how any such information might influence the outcome of the pending motion for summary judgment, or show good cause for his failure to obtain the discovery sooner, particularity in light of the fact that this action has been pending for almost two years.

The relief requested by Plaintiff in his opposition should be denied solely on the grounds that he failed to file a motion under Rule 56(f).  But even if his argument is construed by the Court as a motion under Rule 56(f) it should be denied because Plaintiff has failed to satisfy the other requirements for relief under the rule.

Nowhere in his affidavit does Plaintiff's counsel offer any explanation of the specific information he expects to obtain from the CRAs, set forth a plausible basis for believing that the information exists and can be obtained in a reasonable time, or establish that the information sought will influence the outcome of the pending motion for summary judgment.  See *Great Northern Ins. Co. v. Architectural Env'ts, Inc.*, 2007 U.S. Dist. LEXIS 76003 (Dein, J.).   It remains entirely speculative as to what information the CRAs might have, and whether that information is material or relevant to this action or the issues raised by Defendant's motion.

Under §1681s-2(b) of FCRA, if a credit furnisher is notified *by a CRA* about a consumer dispute regarding the completeness or accuracy of the credit information furnished, the furnisher has a duty to conduct a reasonable investigation with respect to the disputed information, review the relevant information provided by the credit bureau, and report the findings to the bureau. 15 U.S.C. § 1681s-2(b)(1); *see also Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).  Thus, the obligation to conduct an investigation is triggered only by the furnisher's actual receipt of notification of a dispute by means of an ACDV.

US_ACTIVE-104431429.1

In this case, Defendants produced copies of ten (10) ACDVs that it received from the CRAS with respect to Plaintiff's account, along with an affidavit confirming that these were the only ACDVs received from the CRAs with respect to the Plaintiff's account.   Plaintiff has offered no plausible basis for believing that Defendants received any other ACDVs with respect to Plaintiff's account, and in fact made no attempt to obtain discovery from the CRAs on this issue until almost twenty months after this action was commenced.  Since any information that may be in the possession of the CRAs that was never provided to Defendants by the CRAs in one of the ten ACDVs actually received by Defendants is irrelevant (because the Defendants' duty to investigate arises only upon receipt from a CRA of notice of a dispute), Plaintiff cannot satisfy the requirements for obtaining relief under Rule 56(f)..

Moreover, the affidavit of Plaintiff's counsel fails to show (or even attempt to show) good cause for failing to obtain the discovery sooner.  This action has been pending since November 2008 and Plaintiff made no attempt to obtain discovery from the CRAs until early July 2010, after all party discovery was complete.[3]  Plaintiff's counsel has filed a number of FCRA cases in this Court, including two against the Defendants[4] and therefore should be knowledgeable of the types of documents and information needed to prove his client's case under the statute.  In fact, in a similar case that he filed on Plaintiff's behalf against the Defendants,[5] Plaintiff's counsel similarly waited until after all party discovery was complete to request orders from the Court to compel the CRAs to produce records.  Those efforts were fruitless because the CRAs did not have the documents that Plaintiff's counsel apparently was

---

[3] Plaintiff also made no attempt to obtain discovery from Defendants until May 3, 2010, when he served interrogatories and requests for production of documents.  This was the only discovery he requested of the Defendants.

[4] See, e.g., *Chiang v. Bank of America, MBNA American Bank, N.A., and FIA Card Services, N.A.*, No. 07-11733 (RWZ); *Chiang v. MBNA and FIA Card Services, N.A.*, No. 06-12258 (PBS); *Chiang v. Verizon New England, Inc*., No. 06-12144 (DPW).

[5] *Chiang v. MBNA and FIA Card Services, N.A.*, No. 06-12258 (PBS).

- 4 -

US_ACTIVE-104431429.1

hoping they might have, even though he also had no plausible basis there for believing that such

documents existed.  In light of his experience with FCRA claims, Plaintiff's counsel reasonably

could have been expected to issue subpoenas to the CRAs (and obtain such orders from the Court

as might be necessary to compel the CRAs to respond to the subpoenas) immediately following

commencement of the action.  His failure to wait until completion of discovery and his decision

to wait until the status conference scheduled by the Court to request appropriate orders is

inexplicable, and under the circumstances, should preclude Plaintiff from obtaining relief under

Rule 56(f).


Respectfully submitted,

**ABENDROTH BERNS & WARNER LLC**


By: _____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Date: September 2, 2010             (781) 237-9188

**REED SMITH LLP**


By:        __/s/ Amir Shlesinger_____
Abraham J. Colman (CSBN 146933)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:   (213) 457-8080

Attorneys for Defendant FIA Card Services, N.A.,
formerly known as MBNA America Bank, N.A. and
erroneously sued herein as "MBNA America Bank"

US_ACTIVE-104431429.1

**Certificate of Service**

I certify that the above document was filed electronically on September 2, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.

\_\_/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)

US_ACTIVE-104431429.1