UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| WEN Y. CHIANG,<br>　　　　　　Plaintiff,<br>v.<br><br>BANK OF AMERICA, MBNA<br>AMERICA BANK, and FIA CARD<br>SERVICES, N.A.,<br>　　　　　　Defendants. | NO. 08-11908-RWZ |

### DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF LINDA CHIANG

Defendants FIA Card Services, N.A. ("FIA"),[1] and Bank of America, N.A. (collectively "Defendants") hereby move to strike paragraphs 4-6 of the affidavit of Linda Chiang a/k/a Pei Men Chiang (the "Affidavit"), which was filed by plaintiff Wen Y. Chiang ("Plaintiff") as an attachment to his attorney's affidavit in opposition to Defendants' Motion for Summary Judgment on Plaintiff's Second Amended Complaint.

Rule 56(e)(1) of the Federal Rules of Civil Procedure requires that a supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(e)(1).  Under that rule, inadmissible hearsay cannot be considered on a motion for summary judgment. *Miles v. Great N. Ins. Co.*, 656 F. Supp. 2d 218 , 225 (2009), *citing Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990); see also Rule 802 of Federal Rules of Evidence.  "Hearsay" is a statement, other than one made by the declarant while testifying at the

---

[1] FIA was formerly known as MBNA America Bank, N.A. (and erroneously sued herein as MBNA America Bank).

trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801(c) of Federal Rules of Evidence.

Paragraphs 4, 5 and 6 of the Affidavit contain inadmissible hearsay. In these paragraphs, the affiant Linda Chiang, a resident of Taipei, Taiwan,[2] describes conversations that she allegedly had with a Mr. Xu Long Huy prior to his alleged death in 2009, on which Plaintiff apparently bases his claim for damages in this action. These are out of court statements offered for their truth, and as such are inadmissible hearsay and should be stricken pursuant to Fed. R. Civ. P. 56(e)(1).

Anticipating a problem with this affidavit, Plaintiff boldly – and incorrectly - asserts in his sur-reply to Defendants' motion for summary judgment that the statements attributed to Mr. Xu Long Huy by Linda Chiang are admissible under exceptions to the hearsay rule as statements of a deceased person, citing FRE 804(a)(4), 804(b)(3), and 807, or that the affidavit itself constitutes a business record of Ms. Chiang under FRE 803(6). Plaintiff's argument is ridiculous. Not only is there no record evidence that Mr. Xu Long Huy is deceased, but even a cursory reading of the rules of evidence cited by Plaintiff confirm that none of these exceptions to the hearsay rule apply.

FRE 804(a)(4) merely establishes that a witness is unavailable for purposes of FRE 804(b) if he or she is deceased. Under FRE 804(b)(3), if a declarant is unavailable as a witness, his or her statement against interest is not excluded by the hearsay rule. However, a statement against interest is defined as one:

> which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in

---

[2] On information and belief, the affiant is Plaintiff's sister.

US_ACTIVE-104431146.1

> the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

FRE 804(b)(3). The declarant's alleged statements describing the terms of a business deal and the conditions under which he would do business with Plaintiff hardly satisfy the requirements of this rule to quality as a statement against interest.

Moreover, FRE 807 provides that a:

> statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

In light of the fact that (a) the alleged statements of the declarant are the sole basis for the Plaintiff's alleged damage claim, (b) the declarant is allegedly deceased (although there is no evidence of this other than the affiant's word), (c) the declarant is unavailable to be cross-examined, and (d) the affiant resides in Taiwan and is unavailable for Defendants to have a fair opportunity to prepare to meet the statement, the interests of justice would not be served by allowing these statements to be admitted.

Finally, Plaintiff's suggestion that an affidavit concerning events that allegedly occurred in 2008 that was signed on August 22, 2010, and prepared and filed in connection with Plaintiff's opposition to Defendants' motion for summary judgment hardly constitutes a record of regularly

conducted business activity under FRE 803(6), and any argument by Plaintiff to the contrary is entirely frivolous.

## Conclusion

For the foregoing reasons, paragraphs 4-6 of the affidavit of Linda Chiang, which is appended as an exhibit to the Affidavit of Dean Carnahan, should be stricken.

                Respectfully submitted,

**ABENDROTH BERNS & WARNER LLC**

By: _____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
40 Grove Street, Suite 375
Wellesley, MA 02482
Date: September 2, 2010        (781) 237-9188

**REED SMITH LLP**

By: \_\_\_/s/ Amir Shlesinger_____
Abraham J. Colman (CSBN 146933)
Amir Shlesinger (CSBN 204132)
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for Defendant FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. and erroneously sued herein as "MBNA America Bank"

## Certificate of Service

    I certify that the above document was filed electronically on September 2, 2010, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.

    \_\_/s/ Bruce D. Berns_____
    Bruce D. Berns (BBO# 551010)