UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEN Y. CHIANG,<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA, MBNA AMERICA<br>BANK and FIA CARD SERVICES,<br>    Defendants | CIVIL ACTION NO.<br>08-11908  RWZ |

### **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF WEN Y. CHIANG**

Defendants have filed a motion to strike the Affidavit of Wen Y. Chiang and the attachments to this Affidavit. (Doc. 67).  The Affidavit of Wen Y. Chiang (Doc. 62) and the attachments to his Affidavit (Doc. 62-1) were filed in opposition to defendants' motion for summary judgment. Defendants argue that the Affidavit and attached documents were not made on personal knowledge, do not state facts that would be admissible in evidence in evidence or show that Plaintiff Wen Y. Chiang ("Chiang") is competent to testify on the matters stated, as required by Rule 56(e)(1).  As shown below, all of defendants' arguments are without merit.

    1.    Defendants argue that Paragraphs 2-6 of Chiang's Affidavit contain irrelevant averments and/or hearsay.  This argument is without merit since the statements contained in Paragraph 2 are statements that Chiang made to Bank of America ("BOA") employees and their responses, that are admissions by BOA and are admissible. Paragraphs 3-6 contain statements regarding the illegal charges on the BOA monthly statements.  These statements are admissible since they were known to BOA and would have been revealed if BOA had conducted a

PDF created with pdfFactory trial version www.pdffactory.com

reasonable investigation after receiving notification of Chiang's disputes from credit reporting agencies.

2.	Defendants argue that Paragraphs 3, 5 and 6 of Chaing's Affidavit contain legal conclusions.  However, these statements are not legal conclusions, but are statements of Chiang when he review the monthly account statements from BOA and are statements that any lay person could make.

3.	Defendants argue that Paragraph 7 of Chiang's Affidavit is not relevant to Chiang's FCRA claim.  The statement is that BOA never sent him any monthly statements after January 2009.  Chiang would not be expected to make any payments to BOA after January 2009 when BOA stopped sending him monthly statements.  BOA's reports to credit reporting agencies contained negative information on Chiang's account after January 2007 and a reasonable investigation by BOA after receiving notifications of Chiang's disputes from credit reporting agencies would have revealed the illegal continuing charges after BOA stopped sending Chiang his monthly statement.

4.	Paragraph 8 of Chiang's Affidavit is admissible since he provided the information in this Paragraph from his own personal knowledge and the information shows that BOA is continuing to make negative reports on his account ending in 9211.

5.	Defendants argue that the attachments to Chiang's Affidavit should be stricken pursuant to Rule 56(e)(1). As shown below, all of defendants' arguments are without merit.

    a.	Doc. 62-1, p. 1 is a letter from Chiang to BOA discussing overcharges on his account.  This document is admissible since the facts therein were known to BOA  and would have been discovered in a reasonable investigation after BOA received notice of Chiang's disputes from credit reporting agencies.

2

PDF created with pdfFactory trial version www.pdffactory.com

b.      Doc. 62-1, p. 2 is admissible since it is a Cardholder Claim Statement that Chiang gave to BOA.  The document is admissible for the same reasons set forth in subparagraph "a" above.

c.      Doc. 62-1, p. 3 is admissible since it is a letter from Chiang to TransUnion and would be relevant to the notification sent by TransUnion to BOA and any investigation and response that BOA sent to TransUnion.

d.      Doc. 62-1, p. 5 is admissible since it is a letter from Chiang to Equifax. This letter is admissible for the same reasons set forth in subparagraph "c" above.

e.      Doc. 62-1, pp. 8-9 is admissible for the same reasons set forth in subparagraph "a" above.

f.      Doc. 62-1, pp. 16-17 are two pages from Chiang's checking account sent to him by BOA and show the actual overcharges that Chiang discussed with BOA bank employees. These facts were known to BOA and this document is admissible for the reasons set forth in subparagraph "a" above.

g.      Doc. 62-1, p. 20 is admissible since it is a letter from BOA to Chiang and is an admission of BOA.

h.      Doc. 62-1, pp. 10-11 are admissible since they are a letter from Chiang to BOA.  This letter is admissible for the same reasons set forth in subparagraph "a" above.

i.      Doc. 62-1, p. 12 is admissible because it is a letter from BOA to Chiang and is an admission by BOA.

j.      Doc. 62-1, p. 13 is admissible since it is another letter from BOA to Chiang and is an admission by BOA.

PDF created with pdfFactory trial version www.pdffactory.com

k.  Doc. 62-1, p. 14 is admissible since it is a letter from Chiang to BOA and is admissible for the same reasons set forth in subparagraph "a" above.

l.  Doc. 62-1, p. 15 is admissible as a letter from Chiang to BOA for the same reasons set forth in subparagraph "a" above.

m.  Doc. 62-1, p. 21 is another letter from Chiang to BOA and is admissible for the same reasons set forth in subparagraph "a" above.

n.  Doc. 62-1, p. 5 is admissible since it is a notice Chiang received from Discover Card regarding a Experian credit report. This document states that BOA was reporting in November 2008 that Chiang's account was 20 days past due. Defendants' own document (Doc. 51-1, p. 28 of 31) also shows that BOA was reporting that Chiang was delinquent in his payment for November 2008. This document is admissible to corroborate the same information set forth in Doc. 51-1, p. 28 of 31.

o.  Doc. 62-1, pp. 6 and 18 are relevant pages from a credit report sent by Equifax to Chiang.  These pages are admissible since they show that BOA were reporting Chiang's account as over limit when a reasonable investigation by BOA after receipt of Chiang's disputes from credit reporting agencies would have revealed that the account was not over limit and the BOA violated the FCRA by failing to correct this erroneous report.

p.  Doc. 62-1, pp. 7, 19-20 are admissible.  Doc. 62-1, pp. 7 and 19 are credit reports that Experian sent to Chiang and are admissible for the same reasons set forth in subparagraph "o" above.  Doc. 62-1, p. 20 is a letter from BOA to Chiang and is admissible as an admission of BOA.

PDF created with pdfFactory trial version www.pdffactory.com

Conclusion

For the foregoing reasons, Defendants' motion to strike the Affidavit of Wen Y. Chiang and the attachments to this Affidavit should be denied.

By Plaintiff's Attorney,

/s/ Dean Carnahan
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
Dated:  September 16, 2010          (781) 641-2825

CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that on this day, I served a copy of this opposition to counsel for defendants, by and through the ECF filing system.

Date:  September 16, 2010          /s/ Dean Carnahan
                                   Dean Carnahan

B-2403-OMS2

PDF created with pdfFactory trial version www.pdffactory.com