UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) <br> WEN Y. CHIANG, ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, MBNA AMERICA ) <br> BANK and FIA CARD SERVICES, ) <br>     Defendants ) <br> ) <br> ) | CIVIL ACTION NO. <br> 08-11908 RWZ |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
### TO STRIKE PLAINTIFF'S RULE 56 (f) REQUEST

Defendants have filed a motion to strike the affidavit of plaintiff's counsel filed pursuant to F.R.Civ.P. 56(f). (Doc. 68). Plaintiff Wen Y. Chiang ("Chiang") filed this request by the Affidavit of Dean Carnahan (Doc. 63), pursuant to Rule 56(f), in opposition to defendants' summary judgment motion.

On May 3, 2010, plaintiff served interrogatories and a document request on defendants. Defendants did not serve their interrogatory answers or document request until June 25, 2010. On or before July 8, 2010, Chiang filed motions for Court orders directing the three credit reporting agencies ("CRAs") to produce documents responsive to the Schedule A attached to the Court orders. On July 14, 2010, the Court issued the requested orders. After receiving the responses from the CRAs, on August 13, 2010, plaintiff filed motions requesting that the three CRAs be held in contempt for violation of the Court's orders. (Docs. 54, 55 and 56).[1]

---

[1] The Court has not ruled on these motions for contempt. Plaintiff also filed a motion requesting a Confidentiality Order to be signed by the Court, as requested by Experian. (Doc. 58). The Court has not ruled on this motion.

PDF created with pdfFactory trial version www.pdffactory.com

There is no merit to defendants' motion to strike the Rule 56(f) affidavit. Defendants cite the case of Great Northern Ins. Co. v. Architectural Env'ts, Inc., 2997 U.S. Dist. LEXIS 76003 (Dein,J.), quoting Adorno v. Crowley Towing & Transp. Co., 443 F. 3d 122, 127 (1st Civ. 2006). The Adorno case discussed a motion for additional discovery filed after the discovery cut-off date.[2] First, Plaintiff has presented the Rule 56(f) affidavit of counsel in a timely manner, since he quickly filed his motions for contempt and the motion for a Confidentiality order after receiving the initial responses from the CRAs. Thus, plaintiff has continued in a proper and timely manner to obtain the necessary discovery from the CRAs. Secondly, Chiang has shown good cause for failure to discover the facts sooner, since he promptly sent the Court orders to the CRAs and timely filed motions after he received the initial documents from the CRAs. Third, it is probable that the CRAs have all of the documents ordered to be produced by the Court orders. These documents should be produced in a timely manner after the Court rules on the motion filed by Chiang. Finally, the documents sought from the CRAs will influence the outcome of the pending summary judgment motion.

Defendants argue that Chiang should have filed a motion under Rule 56(f). **However, Rule 56(f) provides for an affidavit filed in response to a summary judgment motion and that is exactly what Chiang filed.**

Chiang does not know what the documents not yet produced by the CRAs will show without seeing these documents. However, all of the documents set forth in Schedule A to the Court orders are documents relevant to Chiang's FCRA claim. Chiang needs these documents to show more clearly that BOA violated the FCLA.

---

Plaintiff also filed a motion to add the three credit reporting agencies as defendants. The Court has not ruled this motion.

[2] The Ardono case is not on point, since in the present case, plaintiff has file an affidavit, specifically allowed by Rule 56(f).

2

PDF created with pdfFactory trial version www.pdffactory.com

Defendants argue the plaintiff's counsel's affidavit does not explain the specific documents he expects to obtain from the CRAs. However, these specific documents are set forth in the Schedule A attached to each of the Court's orders.

Defendants argue that they have produced ten (10) ACDVs that they received from the CRAs. However, the records from the CRAs could show that defendants received more that ten (10) ACDVs, **showing that the affidavit submitted by defendants is false and that the defendants are misleading to this Court.**

Defendants argue that the affidavit of plaintiff's counsel fails to show good cause for failing to obtain the documents from the CRAs sooner. However, plaintiff's counsel informed the Court and defendants' attorney that he would obtain discovery responses from defendants first, then seek Court orders directed to the CRAs. Any delay has been caused by the CRAs' violation of the Court orders.

Defendants argue that in a previous case between the parties, the CRAs did not have the documents plaintiff's counsel thought they had. This arguments is false, since the CRAs did not go beyond their desktop computers and did not produce documents they had in storage or in "archives" as one CRA representative stated.

There was no reason for plaintiff to seek Court orders directed to the CRAs sooner. Defendants cannot dictate the strategy of plaintiff's counsel. By obtaining discovery responses from defendants first, then obtaining the records from the CRAs, erroneous or false statements in defendants' discovery responses can be revealed.

The only reason that plaintiff had to file a Rule 56(f) affidavit was that the CRAs violated the Court's orders.

PDF created with pdfFactory trial version www.pdffactory.com

Conclusion

For the foregoing reasons, Defendants' motion to strike the plaintiff's request pursuant to Rule 56(f) should be denied.

By Plaintiff's Attorney,

/s/ Dean Carnahan_____
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
Dated:  September 16, 2010        (781) 641-2825

CERTIFICATE OF SERVICE

I, Dean Carnahan, hereby certify that on this day, I served a copy of this opposition to counsel for defendants, by and through the ECF filing system.

Date:  September 16, 2010        /s/ Dean Carnahan_____
                                 Dean Carnahan

B-2403-OMS3

PDF created with pdfFactory trial version www.pdffactory.com