UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WEN Y. CHIANG, | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 08-11908  RWZ |
| | ) | |
| BANK OF AMERICA, MBNA AMERICA | ) | |
| BANK and FIA CARD SERVICES, | ) | |
| Defendants | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF LINDA CHIANG

Defendants have filed a motion to strike Paragraphs 4-6 of the Affidavit of Linda Chiang. (Doc. 69).  The Affidavit of Linda Chiang was attached as Exhibit C to the Affidavit of Dean Carnahan (Doc. 63) filed in opposition to defendants' motion for summary judgment.

Defendants argue that Paragraphs 4, 5 and 6 of the Affidavit of Linda Chiang contain inadmissible hearsay.  In these paragraphs, Linda Chiang describes conversations she had with Mr. Xu Long Huy prior to his death in 2009, on which plaintiff bases his claim for damages.

However, these statements of Xu Long Huy are admissible under exceptions to the hearsay rule as statements of a deceased person pursuant to FRE 804(a)(4), 804(b)(2) and 807 or as business records pursuant to FRE 803(6).[1]

Defendants argue that there is no evidence that Xu Long Huy is deceased.[2]  However, defendants do not assert that Xu Long Huy is living.

---

[1]   In Massachusetts state courts, in a civil action, a declaration of a deceased person is not inadmissible as hearsay if the court finds that it was med in good faith and upon the personal knowledge of the declarant. M.G.L. c. 233, § 65. There is no similar federal statute, but the statute shows the probative value of statements of a deceased person.

PDF created with pdfFactory trial version www.pdffactory.com

FRE 804(c)(4) states that a witness is unavailable if he is deceased.  Under FRE 804(b)(3), if a witness is unavailable, his statement against interest is not excluded under the hearsay rule.  FRE 804(b)(3) defines a statement against interest as one:

> Which was at the time of its making so far contrary to the declarant's pecuniary or propriety interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true...

The statements of Mr. Xu Long Huy were contrary to his pecuniary interest, since by making the statements, he deprived himself of making a large profit by purchasing used rail, used to make steel, from Wen Chiang to generate this large profit for him.  In addition, Xu Long Huy would not have made these statements unless he believed the statements to be true. Moreover, if Xu Long Huy's statements about Plaintiff Wen Chiang's credit report were false, he would have exposed himself to liability to Chiang for defamation.

In addition, under FRE 807, (1) the statements are offered as evidence of a material fact; (2) the statements are more probative on the point for which they are offered than any other evidence[3]; (3) the general purposes of these rules and the interest of justice would be served by the admission of the statements into evidence[4]; and (4) Plaintiff Wen Chiang identified this buyer in his initial disclosures and Linda Chiang as a person with knowledge at his deposition. Defendants have had time to depose Linda Chiang if they desired to do so.

---

[2]  Mr. Xu Long Huy was a resident of Taiwan, but died in Shanghai, China.  Linda Chiang has contacted her business associates in China to obtain a death certificate, but this could take 4-6 weeks.  In addition, the information about the death of Xu Lond Huy is contained in the business records of Linda Chiang.

[3]  The only other evidence would be Linda Chiang's business records, which would be no more probative than her affidavit.

[4]  The interest of justice would be served since Plaintiff Wen Chiang needs these statements to prove the damages he suffered due to defendants' violation of the Fair Credit Reporting Act.

2

PDF created with pdfFactory trial version www.pdffactory.com

Also, as the Affidavit of Linda Chiang states, she had records of all communications and documents from the buyers as her own business records.[5] Her affidavit is properly viewed as admissible as a summary of her extensive records for more than twenty (20) buyers, pursuant to FRE 1006.

In summary, the statements of Mr. Xu Long Huy contained in paragraphs 4-6 of Linda Chiang's affidavit are admissible under FRE 805(a)(4), 804(b)(3) and 807 or as summaries of Linda Chiang's business records admissible under FRE 1006.

<u>Conclusion</u>

For the foregoing reasons, Defendants' motion to strike Paragraphs 4-6 of Linda Chiang's affidavit should be denied.

By Plaintiff's Attorney,

/s/ Dean Carnahan_____
DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA  02474
Dated:  September 16, 2010          (781) 641-2825


<u>CERTIFICATE OF SERVICE</u>

I, Dean Carnahan, hereby certify that on this day, I served a copy of this opposition to counsel for defendants, by and through the ECF filing system.

Date:  September 16, 2010          /s/ Dean Carnahan_____
                                  Dean Carnahan

---

[5]  *See* Affidavit of Linda Chiang, attached hereto as **Exhibit A**, showing that her records qualify as admissible business records.  *Also see* Affidavit of Wen Hua Zhang, attached hereto as **Exhibit B**, that corroborates the travels and meetings of Linda Chiang with Xu Long Huy.

PDF created with pdfFactory trial version www.pdffactory.com

B-2403-OMS

PDF created with pdfFactory trial version www.pdffactory.com